# JOANNA WHEELOCK v. WILLIAM WARSCHAUER.

DETERMINATION OF TENANCY.—An eviction of the tenant by title paramount deter-
mines the tenancy.

ESTOPPEL UPON LANDLORD.—If the tenant is sued in ejectment, and the title of
the landlord is set up in defense, and the landlord appears and defends the
action in the name of the tenant, and the tenant is evicted, the landlord is
estopped from afterwards saying, in an action between him and the tenant, that
the tenant was not evicted by paramount title.

EVIDENCE OF TERMINATION OF TENANCY.—If the tenant is evicted by paramount
title, in an action in which the landlord defends in the tenant's name, and the
landlord afterwards sues the tenant, the judgment and proceedings on the writ
in the action in which the tenant was evicted are competent evidence for the ten-
ant to show a termination of the tenancy.

ENTRY OF TENANT AS LESSEE OF EVICTOR.—If the tenant is evicted by a stranger
under title paramount, and then enters as a tenant of the evictor, the last entry
does not have the effect of re-establishing the tenancy that had been destroyed
by the eviction.

ACTION AGAINST TENANT FOR HOLDING OVER.—If the tenant is evicted by title
paramount, and the landlord defends the action, and after the eviction appeals,
the taking of the appeal does not restore the relation of landlord and tenant,
which had been destroyed by the eviction, so as to enable the landlord to com-
mence an action against the tenant for holding over, if such action is com-
menced before a reversal of the judgment.

APPEAL from the County Court, City and County of San Francisco.

In 1859 Dutton sued Warschauer in ejectment to recover possession of a lot in the City of San Francisco. At the time the action was commenced, Warschauer was in possession of the lot as the tenant of Joanna Wheelock, the plaintiff herein. On the 18th day of May, 1861, Dutton recovered judgment for possession of the lot, and on the same day a writ of possession was placed in the Sheriff's hands, who removed Warschauer and placed Dutton in possession, and Warschauer on the same day again entered into possession as the tenant of Dutton. After this entry of Warschauer as Dutton's tenant, Wheelock appealed to the Supreme Court from the judgment in *Dutton* v. *Warschauer.* From the time of the entry of the latter as the tenant of Dutton he refused to attorn to Wheelock; and on the 10th day of June, 1861, Wheelock commenced this action, under the Act concerning forcible entries and unlawful detainers, to remove Warschauer. Afterwards, and on the 12th day of May, 1862, the Supreme Court reversed the judgment from which an appeal had been taken, and remanded the action for a new trial. On the 10th day of August, 1863, the action was dismissed by a stipulation. This case was tried and judgment rendered in 1865. The plaintiff appealed from the judgment of the County Court.

The other facts are stated in the opinion of the Court.

*C. H. Parker,* for Appellant.

*Dutton* v. *Warschauer* had been reversed and the action dismissed by stipulation, before this case was tried. In *O'Connor* v. *Blake,* 29 Cal. 312, this Court held that a former judgment was no bar, because the parties were not the same, and that a former *lis pendens* was available only when the plaintiff, at least, in both actions, was the same. The defendant *must claim,* in order to make the judgment a bar

in this case, that the plaintiff here " is the same person "—
that is, that she was really the defendant in the action
pleaded in bar, and the plaintiff here ; and the fact is, that
she was a party to the record as defendant. (See *Dutton* v.
*Warschauer*, 21 Cal. 609.) If defendant does not so claim,
of course a new trial must be granted. By looking at the
answer of the defendant, it will be seen that defendant sets
up in bar the judgment of *Dutton* v. *Warschauer*. The stipu-
lated facts show that the judgment had been *reversed* and the
action *dismissed*, and the case cited from Lord Raymond
establishes by law that " if a man pleads a recovery by judg-
ment in bar of an action, and the void judgment is *reversed*,
after the pleading of the plea, now the plea is ill, because
now it is no such record *ab initio*." That authority is deci-
sive of this case. If there is no record *ab initio*, then the
defendant might as well insist upon offering a roll of blank
paper in bar. The judgment becomes wholly unavailing for
any purpose.

[No brief on file for Respondent.]

By the Court, RHODES, J. :

Dutton sued Warschauer in ejectment to recover the
possession of the premises in controversy, and obtained
judgment in the District Court, and, under the writ of resti-
tution, Warschauer was expelled and Dutton was placed in
possession. At the commencement of the action, and at the
rendition of the judgment, Warschauer was the tenant, from
month to month, of Mrs. Wheelock, the present plaintiff,
and she having been notified by her tenant of the pendency
of the action, defended the same in the name of the tenant;
and after the execution of the writ of restitution she took an
appeal in the name of her tenant to this Court, where the
judgment was reversed and the cause was remanded for a
new trial. The action was subsequently dismissed by stipu-

lation.    Immediately after the execution of the writ of resti-tution Warschauer took a lease of the premises from Dutton and entered into possession, and so remained at the com-mencement of this action, and until the 19th of February, 1863, when he quit the possession.    This action was com-menced under section thirteen of the Forcible Entry and Unlawful Detainer Act of 1850, to recover the possession of the premises with damages, etc., on the ground that the defendant withheld the possession after a notice to quit and a demand of the possession.    Judgment was rendered for the plaintiff in the Justice's Court, and on appeal to the County Court the defendant had judgment.    This action was commenced before the reversal of the judgment in the other action mentioned.

The only question in the case is the one passed on by the County Court in denying the motion for a new trial, which is, whether the eviction under the writ in the case of *Dutton* v. *Warschauer* terminated the relation of landlord and tenant between the present plaintiff and defendant.

An eviction of the tenant by title, paramount to that of the landlord, must of necessity determine the tenancy; and when the title of the landlord is set up in defense to the action and the landlord appears and defends at the request of the tenant, and in his name, he cannot be heard to say, in a contest with the tenant, that the tenant was not evicted by paramount title.    In the action of *Dutton* v. *Warschauer* the defendant set up and relied on the title of his landlord, and she appeared and defended the action ; and judgment having been rendered for Dutton, and under the writ issued there-upon, the tenant having been turned out of possession, the subsisting tenancy was destroyed.    The judgment and the proceedings on the writ were competent evidence to show the termination of the tenancy, and the defense having been made for the benefit of the landlord, as was held by this Court in passing upon the appeal in that case, (See 21 Cal. 609,) the burden was not on the tenant to prove, except by the production of the judgment, that Dutton's title was

paramount to that under which the tenant held. When the tenant was expelled under the writ, the judgment was in full force (no appeal having then been taken); and under their operations, as we have said, the tenancy was terminated. This proposition would not be doubted if no appeal had been taken from the judgment.

Did the appeal have the effect of reviving the tenancy? The utmost that can be claimed for the appeal is that it suspended all further proceedings upon the judgment, and not that it set aside the writ after it had been executed and restored the parties to their original position.

The entry of the defendant as Dutton's tenant, being in hostility to the plaintiff's claim of title, did not have the effect to revive or re-establish the tenancy that had just been destroyed.

The plaintiff is not in a position to claim that upon the reversal of the judgment the parties were entitled to be restored to their original position, because the judgment of reversal had not been rendered when this action was commenced.

The question is not whether the plaintiff has a right of action in ejectment, but it is, as stated by the County Court, whether the relation of landlord and tenant existed between the parties at the time the action was brought; and we hold with the learned Judge of that Court, that the execution of the writ severed that relation.

Judgment affirmed.

Neither Mr. Justice SHAFTER nor Mr. Justice SANDERSON expressed an opinion.