EMIL STEINBACK AND SAMUEL MERRITT *v.* JOHN KRONE AND JOSEPH A. WILLIAMS.

WHEN FINDINGS OF FACT WILL BE PRESUMED.—Where a judgment for plaintiffs is rendered upon general or special findings for them, without, however, containing any reference to or express findings upon issues tendered by the answer in bar of the action, it will be presumed that all the tendered issues were found against the defendants.

IDEM—REVIEW OF IMPLIED FINDINGS ON MOTION FOR NEW TRIAL.—Where in such case the defendants moved for a new trial, which was denied, upon a statement containing the evidence, on the ground that said presumed findings were contrary to the evidence, this Court will, on appeal from the order denying the motion, review said evidence as though the Court below had expressly found on all of said issues against the defendants, and if the evidence, without a substantial conflict, is against such presumed findings, or such of them as are essential to sustain the judgment, this Court will reverse the judgment and grant a new trial.

IDEM—EXCEPTIONS TO FINDINGS—WHEN NOT NECESSARY.—In such case no special exception to such presumed findings, or motion in the Court below for their correction, is necessary.

REQUISITES TO MAINTAIN ACTION AGAINST TENANT FOR UNLAWFUL HOLDING OVER.—Under the Forcible Entry and Detainer Act of April 27th, 1863, an action for an unlawful holding over cannot be maintained unless the relation of landlord and tenant is shown to exist between the plaintiff and defendant at the time of making plaintiff's demand for possession, as required by section four of said Act.

IDEM—TENANCY TERMINATED BY THE EVICTION OF TENANT.—When a tenant is evicted on final process in an action of ejectment by a party claiming title adverse to his lessor, of which action the latter had timely notice, the tenancy is thereby determined, and a subsequent taking and holding by the tenant under a lease from the evictor is not in subordination to the title of his original lessor, and an action by the latter against the tenant, under the Forcible Entry and Detainer Act, for an unlawful holding over, may be successfully resisted by the tenant by showing such judgment and eviction.

APPEAL from the County Court of Sonoma County.

The facts are stated in the opinion of the Court.

*E. D. Wheeler*, for Defendants.

The judgment recovered by Schmidt, of which the plaintiffs had timely notice, and the eviction of the defendants under final process issued thereon, constitute, according to all the authorities, a complete bar to plaintiffs' action. (*Giles*

-т. *Comstock,* 4 Comst. 270; *Christopher* v. *Austin,* 1 Kernan, 216; *Morse* v. *Goddard,* 13 Metcalf, 177; Wash. Real Prop. 359; *Wheelock* v. *Warschauer,* 21 Cal. 316; *Wheelock* v. *Warschauer,* 34 Cal. 265; *Foster* v. *Morris,* 3 A. K. Marsh. 609.)

*John Wilson,* for Plaintiffs.

There was no objection taken or suggested by defendants, in their motion for a new trial, that the Court had failed to find whether there was, or was not, a suit brought by Schmidt; whether he recovered, or not; whether they attorned or not to Schmidt; whether Schmidt had, or had not, a superior title to the plaintiffs; or whether they did, or did not, give due and proper notice to the plaintiffs of the bringing and pendency of that suit. Nor was there any objection taken that there were no findings as to any of the facts set up in their answer, nor is there any objection made to the form of those found. They cannot, therefore, reach the question here, to show they had in any respect proved their answer. (*Hidden* v. *Jordan,* 28 Cal. 304; *Miller* v. *Stein,* 30 Cal. 408; *Owen* v. *Morton,* 24 Cal. 377; *Henry* v. *Everts,* 30 Cal. 425; *James* v. *Williams,* 31 Cal. 211; *Morrill* v. *Chapman,* 34 Cal. 251.)

By the Court, SPRAGUE, J.:

This is an action under the Forcible Entry and Detainer Act of April 27th, 1863, for the recovery of the possession of certain premises alleged to be in possession of defendants under a lease from plaintiffs, and for the recovery of treble rents due under the lease, and for treble damages, for an alleged unlawful holding over by defendants in violation of their covenants in the lease.

The answer of defendants in effect admits the material allegations of the complaint, and alleges as a special defense matters which, if sustained by the evidence, constitute a bar to plaintiffs' recovery in this action.

The cause was tried by the Court without a jury, and after very full evidence, tending to sustain the issues tendered by the answer, the Court made special findings of facts substantially in accordance with the allegations of the complaint, without finding upon or noticing in its findings the special matters of defense set up in the answer, and, upon such findings, rendered judgment for plaintiffs for the amount of rent due by the terms of the lease up to the date of plaintiffs' demand for the surrender of the possession, together with treble the amount of the value of the use of the premises subsequent to such demand, and for restitution.

Defendants, upon a full statement of the evidence, etc., moved for a new trial, substantially upon the ground that the evidence fully sustained the special matters of defense set up in the answer, and that the implied findings of the Court against defendants upon the issues tendered by the answer were against and contrary to the evidence, and the decision and judgment thereon against the law.

The motion for a new trial was overruled, and defendants appealed from the judgment and from the order denying a new trial; and plaintiffs also appeal from the judgment upon the judgment roll, and assign as error the failure of the Court to treble the amount of rent found to be due up to the date of plaintiffs' demand for and defendants' refusal to deliver possession.

Upon defendants' appeal, plaintiffs insist that inasmuch as the Court below failed to make any findings upon the special issues tendered by the answer, and defendants failed to except to the findings as presented in the Court below, this Court cannot review the evidence for the purpose of determining whether the judgment of the Court below is erroneous, or is based on errroneous findings, not supported by or against the evidence.

We do not understand such to be the rule where, as in this case, the appeal is taken from the order of the Court below overruling appellants' motion for a new trial upon a state-

ment contained in the record presenting the evidence adduced on the trial. When judgment is rendered upon general or special findings in favor of plaintiff, without any reference to or findings upon issues tendered by the answer in bar of plaintiffs' right of recovery, this Court will presume that the Court below found all the tendered issues against the defendant, as, in the absence of any findings or sufficient findings appearing to sustain the judgment, this Court will presume findings, and sufficient findings in support of the judgment. And when the statement on motion for new trial contains the evidence presented on the trial, and there is no substantial conflict of evidence upon the issues thus tendered, we will review the evidence applicable to those issues as though the Court below had specially found upon each issue against defendants, if such findings be necessary to sustain the judgment; and special exceptions to or a motion in the Court below to correct the findings is not necessary for the purposes of such review.

The material issues tendered by defendants in their answer as a bar to plaintiffs' right of recovery in this case are:

That before the expiration of the first year of the term for which they leased the premises, and within six months of the commencement of such term, to wit: on or about the 5th of September, 1866, an action of ejectment was commenced against them for the recovery of the possession of the leased premises by one George Schmidt, who claimed to be the owner of the same in fee simple title. That immediately on being served with the summons and copy of complaint in said suit, they notified plaintiffs of the commencement of the same. That, thereafter, on the 21st February, 1867, judgment was rendered in said suit in favor of said George Schmidt, and against defendants, upon which judgment a writ of restitution was issued against defendants, by virtue of and in the execution of which, by the Sheriff of Solano County, they were evicted from the leased premises, and said George Schmidt was restored to the possession of the said premises. All these issues are

presumed to have been found against defendants by the Court below, or sufficient of them to negative the validity of defendants' special defense, and sustain the judgment.

On examination of the evidence as contained in the record, we find no substantial conflict, and no evidence offered by plaintiffs tending to rebut the affirmative evidence of defendants in support of the above issues. The evidence fully establishes all these issues in favor of defendants, hence the implied findings of the Court against them were against and contrary to the evidence.

The material facts of the case, as disclosed by the complaint of plaintiffs and the evidence of defendants in support of their special defense, are substantially as follows:

On the 24th of May, 1866, plaintiffs and defendants mutually made, executed, and delivered a written agreement, by the terms of which the premises in controversy were leased to defendants by plaintiffs for the term of ten years from and after the 24th day of March, 1866, for a stipulated annual rent to be paid by defendants to plaintiffs at the end of each year from the commencement of the term; the first year's rent, six hundred dollars, to be paid on the 24th day of March, 1867; the second year's rent, eight hundred dollars, to be paid on the 24th of March, 1868, etc.; and if any part of the rents to be paid by defendants should remain in arrear, or be unpaid, or any of the covenants in the said lease on the part of defendants be broken, then the said lease should determine and become void so far as relates to the covenants therein on the part of plaintiffs, and they be at liberty to re-enter the premises and remove all persons therefrom. Defendants being in the possession and occupation of the premises under the lease, suit in ejectment was commenced against them by one George Schmidt, the history of which suit, as disclosed by the judgment roll thereof and final process thereon, as given in evidence by defendants, is stipulated by the parties hereto to be in substance as follows:

"In the case of *George Schmidt* v. *Krone & Williams et al.,*

the complaint is in the usual form in ejectment, alleging the fee simple title to be in plaintiff, and asking restitution of the premises in controversy in this action. It was filed in the office of the Clerk of the District Court in and for Sonoma County, September 5th, 1866. The defendants were served with process September 14th, 1866. Neither Krone nor Williams answered; and on the 22d day of February, 1867, a judgment by default was entered against them. On the 27th day of February, 1867, a writ of restitution was issued, directed to the Sheriff of Sonoma County, and by him subsequently returned with his certificate indorsed thereon, stating that he had served the same on February 28th, 1867, and had placed the plaintiff by his attorney in the quiet and peaceable possession of the premises."

The defendants in this case, on being served with the summons and copy of the complaint in the ejectment suit of Schmidt on the 14th of September, 1866, promptly notified their lessors of the commencement of the suit against them, by forwarding on the next day, September 15th, 1866, to Samuel Merritt, at San Francisco, by Wells, Fargo & Co.'s Express, the copy of summons and complaint in the case left with them, together with a letter informing him that they were sued for the land. By due course of express these papers so forwarded on the fifteenth would reach San Francisco on the sixteenth of September. Merritt testified that he found the envelope containing the copy of summons and complaint so forwarded at his office in San Francisco, but does not recollect the date of their receipt, and he handed the same to his attorney, General Wilson. General Wilson testifies to his receiving from Merritt the summons and complaint in the ejectment case against Krone & Williams and others; does not recollect the date of such receipt—only remembers he thought it was too late to answer; he did not pay much attention to them—did not try to answer.

These papers so forwarded by defendants were undoubtedly delivered at Samuel Merritt's office, in San Francisco,

as early as the 17th of September, 1866, and, as appears by the judgment roll in the case, judgment was entered against defendants on the 22d day of February, 1867, more than five months thereafter—and plaintiffs in this suit took no steps, and made no effort to defend or protect their tenants in the possession of the leased premises, and they were ejected therefrom by legal process issued upon the judgment in ejectment against them on the 28th day of February, 1867, whereupon they leased the premises from Schmidt, the successful claimant, and were holding the same under and attorning to Schmidt as their landlord, on the 24th day of March, 1867, the day their first year's rent under plaintiffs' lease would have become due; and on the 26th day of June, 1867, the day plaintiffs demanded of them possession of the premises, claiming forfeiture for non-payment of the first year's rent.

It is well settled, that under the Act "concerning forcible entries and unlawful detainers," an action for unlawful holding over cannot be maintained, unless the relation of landlord and tenant is shown to exist between plaintiff and defendant at the time of the preliminary demand for possession by plaintiff, required by section four of the Act. If the tenancy is terminated before such demand, an action by the lessor cannot be maintained in this form.

If a tenant has been evicted on final process in an action of ejectment by a party claiming title adverse to his lessors, his tenancy ceases, and he is at liberty to take a lease from the successful plaintiff in ejectment, and under such lease he holds adversely, and not in subordination to the title of his original lessors; provided the original lessors had notice of the pendency of the ejectment suit in time to have interposed a defense before judgment. It is the duty of the landlord to protect his tenant in the possession of the leased premises; if he fail to do so, and the tenant is evicted, after notice by the tenant of the threatened invasion by an adverse title, so far as the tenant is concerned, such failure is equivalent to an active, unsuccessful defense by his lessor, the

tenancy is terminated; and in such case the judgment and eviction would be all-sufficient to protect the tenant in his possession under such adverse title, in an action by his first landlord, under the "Forcible Entry and Detainer Act." (1 Washburn on Real Property, 359; *Wheelock* v. *Warschauer*, 21 Cal. 316; *Wheelock* v. *Warschauer*, 34 Cal. 265.)

The defendants in this case had not occupied the relation of tenants to plaintiffs with reference to the premises sought to be recovered since the 28th of February, 1867, nearly one month before the first year's rent became due, and nearly four months before possession was demanded of them by plaintiffs. It follows, therefore, that plaintiffs have shown no cause of action in this form against defendants.

With these views it is unnecessary to determine the other points presented by defendants' appeal, or the question presented by plaintiffs' cross appeal.

The judgment and order must be reversed, and the cause remanded for a new trial, and remittitur directed to issue forthwith. So ordered.