[No. 2,792.]

# W. J. DOUGLAS AND ELIZABETH DOUGLAS, HIS WIFE, *v.* MARTIN FULDA, HENRY FULDA, LANCONTINA FULDA, AND REUBEN NORTON.

ATTORNMENT BY TENANT TO THIRD PARTY.—A tenant cannot justify his attornment to a third party by merely showing that such party has recovered a judgment against him for the possession of the leased premises. He must also show that his landlord was notified of the pendency of the action brought against him, and had an opportunity to defend; otherwise the landlord is neither bound nor estopped by the judgment.

APPEAL from the County Court of the City and County of San Francisco.

Action of unlawful detainer.

The facts are stated in the opinion.

*Jos. M. Kinley*, for Appellants.

By the Court, RHODES, J.:

This action was brought to recover the possession of premises, which, it is alleged, were leased by Elizabeth Douglas to certain of the defendants, and which they refuse to surrender, after a failure to pay the rent on the demand of the lessor. It appears from the record that Elizabeth Douglas, by David Calderwood, her attorney in fact, on the 7th day of January, 1869, leased the premises to Martin Fulda, Son & Co., for the term of two years, from March 9th, 1869, at the rent of twenty-five dollars per month, payable in advance; that the lessees were then in possession under an unexpired lease executed to them by the same lessor; that Martin Fulda, Henry Fulda, and Lamontina Fulda compose the firm of Martin Fulda, Son & Co., and that the other defendant holds a portion of the premises under them; that the lessees paid the rent up to May 10th, 1870; that the rent for the ensuing month was then duly

demanded; that the lessees refused payment; that the lessor, on the 14th of May, 1870, demanded the surrender of the possession of the premises; but the lessees refused to surrender, and still retain possession.

The defendants introduced the record of an action which was brought by the City of San Francisco against Martin Fulda, Lamontina Fulda, Thomas B. King, H. G. Woodworth, David Calderwood, John Doe, and Richard Roe, to recover the possession of the premises in controversy. The complaint was filed August 19th, 1865. Judgment was ordered for the plaintiff on the 28th of August, 1867; and was entered on the 22d of February, 1868, in favor of the plaintiff, and against all the defendants, for the recovery of the possession of the premises. The defendants appealed from the judgment, and on the 17th of April, 1869, the judgment was affirmed. A writ of possession was issued, April 18th, 1870, and was executed on the 5th of May, 1870. The City and County of San Francisco made a lease of the premises to Martin Fulda on the 11th day of May, 1870, and he immediately entered, and has since remained in possession as such tenant.

The judgment for the defendants is attacked by the plaintiffs on several grounds; but as the defendants have not filed a brief or points and authorities, we shall notice only one of these grounds—the one involving the question of the effect of the judgment in the action above mentioned, upon the right or interest of Elizabeth Douglas, growing out of the lease to Martin Fulda, Son & Co. She was not a party to that action; and it does not appear that she was notified of its pendency, or that she appeared for her lessees, or defended the action for them, or in their names. There is nothing in the record, so far as we have observed, which shows that she was bound by that judgment, or estopped thereby from

relying on her lease. A tenant cannot justify his attornment to a third party, by merely showing that such party has recovered a judgment against him for the possession of the premises. He must go further, and show that his landlord was notified of the pendency of the action, and had an opportunity to defend, otherwise the landlord is neither bound nor estopped by the judgment. (*Wheelock* v. *Warschauer*, 25 Cal. 309; *Wheelock* v. *Warschauer*, 34 Cal. 265; *Steinbach* v. *Krone*, 36 Cal. 307; *Valentine* v. *Mahoney*, 37 Cal. 389; *Russell* v. *Mallon*, 38 Cal. 262; *Thompson* v. *Pioche*, 44 Cal. 508.)

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion.