## WHEELOCK *v.* WARSCHAUER.

IN an action by a landlord against his tenant under the thirteenth section of the Forcible Entry and Detainer Act, the latter may defend by showing an eviction under an adverse title in a judicial proceeding of which proper notice was given to the landlord.

Such a defense does not involve any question of title, the effect of an eviction being to dispossess the landlord as well as the tenant, and to relieve the latter from the obligations of his tenancy.

The rule which estops a tenant from disputing his landlord's title does not prevent him from showing that the tenancy has been determined, and he may treat an eviction, with notice, by one having an adverse title, as a termination of the tenancy, and thus resist any claim by the landlord either for rent or possession.

The notice by a tenant to his landlord of proceedings to evict him may be oral.

APPEAL from County Court of San Francisco.

This action was commenced June 10th, 1861, in a Justice's Court in San Francisco, under the thirteenth section of the Forcible Entry and Detainer Act. The complaint alleges that on the first day of October, 1858, the plaintiff, Joanna Wheelock, leased from month to month to the defendant, William Warschauer, a lot in San Francisco ; that defendant took possession and still continues to occupy ; that on the twenty-ninth of April, 1861, plaintiff served upon defendant a notice to quit on the first day of June following ; that on the third day of June, and more than three days before the commencement of the action, plaintiff made written demand upon defendant that he should deliver and surrender the premises, but that defendant refused to comply with the demand, and still retains possession to the damage of plaintiff in the sum of $150, for which sum with restitution judgment is prayed.

The answer admits, in substance, the allegations as to the lease and the possession of defendant, and avers that in 1859 one David Dutton sued defendant in an action of ejectment in the Fourth District Court to recover the demised premises ; that the defendant answered in said action setting up the title of the present plaintiff and the lease from him ; that the action was tried and resulted in a judgment in favor of Dutton ; that defendant moved for a new trial which was denied, and took an appeal to the Supreme Court, which was subsequently dismissed ; that upon this judgment a writ of res-

titution was issued by virtue of which defendant was removed from the premises, and Dutton placed in possession; that thereafter defendant took from Dutton a lease of the lot under which he is now in possession.

In the Justice's Court plaintiff had judgment, and defendant appealed to the County Court, where the case was tried *de novo* by the Court, a jury being waived.

Before the trial the parties made the following stipulation : " It is hereby stipulated and agreed upon the part of the defendant in the said action, that the facts charged in the complaint are true. Upon the part of the plaintiff it is stipulated and agreed that all that portion of the answer which relates to the suit of *Dutton* v.. *Warschauer*, and the proceedings had therein, is true ; and it is further stipulated and agreed that the plaintiff, Joanna Wheelock, had oral notice of the existence of the said action of *Dutton* v. *Warschauer*, and that the answer of said defendants may be amended so as to plead the said notice."

When the cause was called for trial, defendant moved for leave to amend his answer so as to allege that the plaintiff acted upon the notice mentioned in the stipulation, by employing counsel and conducting the defense in the action by Dutton against defendant, which motion the Court denied and defendant excepted.    Defendant then offered to prove by evidence that plaintiff had acted upon the notice by employing counsel and conducting the defense, and the Court refused to permit the evidence to be introduced, and defendant excepted.    No evidence was introduced by either party, and on the pleadings and stipulation the Court gave judgment for the plaintiff.    Defendant moved for a new trial which was denied, and from this order and the judgment he appeals.

*Patterson & Stow* and *J. D. Bristol*, for Appellant.

I.    The Court erred in refusing to allow defendant to amend his answer so as to show what plaintiff, upon receiving notice of the suit of *Dutton* v. *Warschauer*, did in reference to defending the same.    (Forcible Entry and Detainer Act, sec. 20.)

II.    The Court erred in refusing to allow defendant (appellant) to introduce testimony going to show that plaintiff (respondent)

acted upon the notice she had of the suit of *Dutton* v. *Warschauer* by employing counsel and conducting the defense of the same. The twentieth section of the Forcible Entry and Detainer Act says that " all matters in excuse, justification, or avoidance of the allegations in the complaint, may be given in evidence under the answer," and whether the answer was amended or not, the defendant was entitled to give evidence in " excuse " or " justification " of his refusal to deliver the possession of the premises demanded.

III. The plaintiff was disseized by the proceedings in the eject-ment suit, and cannot, therefore, maintain this action. In *Mitchell* v. *Davis* (20 Cal. 45) this Court recognized that the possession given by a Sheriff under a writ of restitution was such possession as would maintain forcible entry, etc. ; if so, it is such as will shield the possessor from the charge of unlawfully detaining. (See also *Kercheval* v. *Ambler*, 4 Dana, Ky. 167.)

The possession which Dutton acquired by virtue of the writ of restitution was, if Dutton himself had continued in possession, suffi-cient to maintain trespass against Mrs. Wheelock if she had entered upon it. (*Speed* v. *Ripperdan*, 1 Little, Ky. 189, 190.) It would follow if she forcibly entered and detained, the action of forcible entry and detainer could be maintained by Dutton. (*Higginbotham* v. *H.*, 10 B. Monroe, 369.) Defendant having been put out of possession by Dutton's writ, and then having leased of Dutton, had the same rights as Dutton. " Two persons cannot be in possession of the same land at the same time," etc. (3 Brevard, 413.) Now if Dutton was put in possession under the writ of restitution, of course the defendant in that writ was not in possession, nor the plaintiff in this action.

IV. That defendant could set up the eviction by Dutton and his writ of restitution is well settled, and that such eviction would be a bar to a claim of Wheelock for rent, and if so we cannot see why not a bar to the proceeding for unlawful detainer. (*Smith* v. *Sheppard*, 15 Pick. 147, 150 ; *Morse* v. *Goddard*, 13 Met. 179 ; *Pendleton* v. *Dryett*, 4 Cowen, 581.) In *George* v. *Putney* (4 Cush. 354) the Court said : " If the lessee is disturbed in his occu-pation by a party having title paramount to that of his lessor, so that he cannot legally continue his occupation under the lessor with-

out rendering himself liable as a trespasser to the other party, he may yield the possession and take a new lease under him.   *   * He will not thereafter be liable to pay rent to the original lessor." (See also *Watson* v. *Lane*, 11 Exchequer; *Ogle* v. *Atkinson*, 5 Taunton, 759, 1 Eng. Com. Law, 391.)   Nor was it necessary for defendant to surrender possession to plaintiff when Dutton's writ of restitution was executed before he could lease from Dutton, and defend this action under Dutton's judgment and lease.   (*Chambers et al.* v. *Pleak*, 6 Dana, 429; 3 J. J. Marshall, 429; 5 Id. 105; Littel's Select Cases, 423; cited with approval, 4 Cushing, 355.)

" When land is sold at an execution sale, the tenant of the execution debtor may attorn to the purchaser, and he may resist the suit of such debtor on a writ of forcible detainer by proof of the sale and attornment."   (*Bowser* v. *Bowser*, 8 Hump. Tenn. 23; 1 Washburn on Real Property, 359; *Lunford* v. *Turner*, 5 J. J. Marshall, above cited; *Foster* v. *Morris*, 3 A. K. Marshall, 1375.)

The stipulation fixes the fact that plaintiff had notice of Dutton's suit, and we offered to show that she employed counsel and defended it in the name of her tenant (defendant) by setting up her title.   Such facts would bind plaintiff the same as if the action was against her by name.   (Adams on Ejectment, 261; 2 Phil. Ev. C. & H. Notes, 4th Am. ed. 10; *Kimerly* v. *Orpe*, 2 Douglas, 517; *Rogers* v. *Haines*, 3 Greenl. 362; *Calhoun* v. *Durning*, 4 Dal. 120.)

*Henry E. Heighton*, for Respondent.

I.   The refusal by the Court, at the hearing, to allow Warschauer so to amend his answer as to plead that Mrs. Wheelock acted upon the oral notice she received of the existence of the suit of *Dutton* v. *Warschauer*, by employing counsel and conducting the defense to the action, was right.

1. Section twenty of the statute authorizes amendments "in matters of form only."   The amendment proposed was one of substance.   2. The right to amend had been lost by the stipulation as to the facts, the waiver of the right of jury trial, and the submission of the cause to the Court upon the agreed statement.   3. The granting or refusal of the amendment was within the sound discretion of the Court, which, under the circumstances, was properly exercised.

II.   The Court did not err in refusing to permit testimony to be introduced to support the allegation proposed to be made in the amendment, which had been previously refused.   It is true that the statute (sec. 20) provides that "all matters in excuse, justification, or avoidance, may be given in evidence under the answer;" that is, when specially pleaded in the answer.   That part of the section is merely declaratory of the ordinary rule of evidence, and a different construction would render the first part wholly inoperative. The matter proposed to be given in evidence was neither in excuse, justification, or avoidance, of the allegations in the complaint.   The argument under this head will be stated hereafter.

III.   The special plea set up by Warschauer and admitted by the stipulation is not in law sufficient to defeat our recovery.

The general rule of law applicable to the relationship of landlord and tenant, in the aspect presented by this case, is well expressed in the following extract from the opinion of Mr. Justice Baldwin in the case of *Willison* v. *Watkins* (3 Pet. 47, 48).   "It is an undoubted principle of law, fully recognized by this Court, that a tenant cannot dispute the title of his landlord, either by setting up a title in himself or a third person, during the existence of the lease or tenancy.   The principle of estoppel applies to the relation between them, and operates in its full force to prevent the tenant from violating that contract by which he obtained and holds possession.   He cannot change the character of the tenure by his own act merely, so as to enable himself to hold against his landlord, who reposes under the security of the tenancy, believing the possession of the tenant to be his own, held under his title, and ready to be surrendered by its termination by the lapse of time, or demand of possession.   *   *   On all these subjects the law is too well settled to require illustration, or reasoning, or to admit of a doubt."

*Hovenden* v. *Lord Annesley*, (2 Scho. & Lef. 607) case of a tenant who attorned to an adverse claimant, Lord Redesdale said : " The attornment will not affect the title of the lessor so long as he has a right to consider the person holding possession as his tenant." *Porter* v. *Mayfield*, (21 Penn. 263, 264) " The principle is, that when the relation of landlord and tenant appears, that relation must be dissolved and the possession restored before the tenant can set

21

up another title." In *Camp* v. *Camp* (5 Conn. 301) the person " once a tenant, so long as he remains in the occupation of the land demised, must be deemed to continue in that character, unless he has surrendered the possession to his landlord," etc. In this action the tenant certainly cannot put his landlord's title on trial.

*Ryerss, Baxter et als.* v. *Wheeler,* (25 Wend. 436) leaving out of consideration, for the present, the oral notice Mrs. Wheelock received and the form of the action, is precisely similar to this case. The tenants were sued in ejectment by one Bogert, and dispossessed by the Sheriff of Yates County by virtue of a writ of *habere facias possessionem.* They then attorned to Bogert and set up these proceedings as a defense to an action of ejectment by their landlord. Chief Justice Nelson, in delivering the opinion of the Court, said : " For aught that appears, Baxter (the landlord) had no knowledge of the suits against his tenants, (the Wheelers) nor any opportunity to defend. Under such circumstances, I cannot say the recovery is to have the effect of destroying the presumption of title arising from his prior possession. It is very easy to see that great injustice might be done if, by the default or collusion of his tenants, he should be driven to put himself on the legal title." (See also *Coburn et al.* v. *Palmer,* 8 Cush. 124 ; *Wall* v. *Goodenough,* 16 Ill. 415 ; *McCartney* v. *Hunt et al.,* Id. 76 ; *Dumas* v. *Hunter,* 25 Ala. 711.)

The above authorities show—1st. That the special defense set up by Warschauer could, under no circumstances, avail him in this form of action ; although if the proper notice had been given, or if the landlord had in fact defended the ejectment suit, it might perhaps have been used as the basis of a bill in equity brought to restrain the proceedings in this action. 2d. That it would not avail him in any form of action unless he could show that this landlord had, in fact, full and exclusive control of the suit in ejectment, or that a written notice was served upon the landlord immediately after the commencement of the action, apprising her of its character and offering her the opportunity to come in and defend.

IV. The oral notice to Mrs. Wheelock of the existence of the suit of *Dutton* v. *Warschauer* was insufficient. That any oral notice would have been insufficient is, I think, clearly established

by the able dissenting opinion of Mr. Justice Bronson in the case of *Miner* v. *Clark*, (15 Wend. 428) which was subsequently sustained by the Supreme Court of New York in *McEwen et als.* v. *The Montgomery County Mutual Insurance Co.*, (5 Hill, 101) and which has been adopted by the Supreme Court of this State in *Peabody* v. *Phelps* (9 Cal. 226). But even if the respondent might have been orally notified of the character of the suit of *Dutton* v. *Warschauer*, and of the effect it was likely to have upon her rights and interests, so as to fix upon her the responsibility of defending the action, she was not so notified. In the language of Mr. Justice Field (*Peabody* v. *Phelps, supra*) she was not apprised " of what was required of her, and of the consequences which might follow if she neglected to defend the action." And it clearly appears by the record that she had, in fact, no opportunity to defend the action, because the appellant himself alleges that he exercised full control over it.

It is proper, also, to observe here, that the cases above cited were not between landlord and tenant, and therefore not within the rule requiring the strictest good faith upon the part of the tenant. The reasoning they contain applies *a fortiori* to this case. (*Paul* v. *Witman*, 3 Watts & Serg. 409 ; *Collingwood* v. *Irwin*, 3 Watts, 310 ; *In re Cooper*, 15 John. 533 ; Adams on Ejectment, 255.)

If the respondent had been actually present in Court, and had cross-examined witnesses at the trial of *Dutton* v. *Warschauer*, her rights as against Warschauer would not have been affected. (4 Phil. Ev. 3.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action under the thirteenth section of the Forcible Entry and Unlawful Detainer Act. The complaint alleges that the defendant is a tenant of the plaintiff, and that he unlawfully detains the demised premises, setting forth facts showing a wrongful holding over. The answer admits that a tenancy once existed between the parties, but alleges that it was terminated by the eviction of the defendant under a judgment in ejectment recovered against him by one Dutton. It alleges also that the defendant pleaded his title

as tenant in defense of the ejectment suit, and that he now holds under a lease executed by Dutton subsequent to the eviction. There is no allegation that the plaintiff had notice of the pendency of the suit, but there is a stipulation authorizing an amendment in this respect, and admitting verbal notice of the fact.   On the trial the defendant asked leave to amend by inserting an allegation that the plaintiff had acted upon this notice, and employed counsel to defend the suit, but the Court refused to allow it.   He then offered evidence to that effect, which was rejected, and the case being submitted to the Court, a judgment was rendered in favor of the plaintiff.   The eviction was admitted, and if the matters alleged upon that subject, together with the fact of notice, are sufficient to constitute a defense, the judgment must be reversed.

The right to maintain the action depends upon the existence of a tenancy, and a tenancy once created is presumed to continue so long as the tenant remains in possession.   This presumption may be rebutted, however, for the rule which estops a tenant from disputing the title of his landlord does not prevent him from showing that the tenancy has been determined.   He is estopped so long as the tenancy continues, but the tenancy being dissolved, the disabilities resulting from his position as a tenant are removed, and the estoppel ceases.   " The tenant," says Greenleaf, " may always show that his landlord's title has expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law."   (2 Greenl. Ev. 253.)   This doctrine is supported by a multitude of cases, and it seems that where the tenant is evicted by one having an adverse title, he may take from the latter a new lease, and set it up as against the landlord.   (1 Washburn on Real Property, 359 ; *Foster* v. *Norris*, 3 A. K. Marsh. 609.) It is the duty of the landlord to protect him in his possession, and he may treat the eviction as terminating the tenancy, and resist any claim by the landlord, either for rent or for the possession.   It is necessary, of course, that notice be given of the proceeding by which the tenant is evicted, so that the landlord may not be taken by surprise, and suffer an injury by reason of the carelessness or collusion of the tenant.   There is no doubt that a defense of this character is admissible in the present case, for the statute expressly

provides that matters of excuse, justification, or avoidance may be given in evidence. No question of title is involved, the question being simply as to the eviction, the effect of which was to dispossess the plaintiff as well as the defendant, relieving the latter from the obligations of the tenancy. So far as the notice is concerned, we regard the stipulation as sufficient, for it admits that verbal notice was given, and the necessary inference is that the notice was full and complete. It is true the amendment authorized does not appear to have been made, but the object of the stipulation was to supply the defect; and we think the admission is to be considered as properly in the case. It is possible that the answer is not sufficiently explicit as to the title upon which the defendant was evicted, but under the circumstances we think an objection of this character ought not to be allowed. It appears that the tenancy was from month to month, and taking all the allegations together, they are sufficient to justify the conclusion that the title was adverse to that of the plaintiff. The fact is not directly alleged, but the case appears to have been determined without reference to technical defects, and solely upon the ground of the inadmissibility of the defense.

The judgment is reversed and the cause remanded for a new trial.