CASE 31—FORCIBLE DETAINER—SEPTEMBER 27.

# Goldsberry vs. Bishop.

APPEAL FROM BRACKEN CIRCUIT COURT.

1. To maintain an action of forcible detainer, the relation of landlord and tenant must exist between the plaintiff and defendant (*section* 500, *Civil Code*); but it is immaterial whether the defendant entered under the plaintiff or not.

2. W. sold land to G. and executed to him a title bond, and put him in possession; G. afterwards sold and assigned the bond to B., but was to retain the possession.

until the ensuing March. *Held*—That these facts did not constitute the relation of landlord and tenant.

3. The reservation of rent, in some form, and allegiance to the title, are the distinguishing characteristics of a contract by which the relation of landlord and tenant is created.

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

"A forcible detainer," as defined by the Code of Practice, section 500, "is the refusal of a tenant to surrender to his landlord the land or tenement demised after the expiration of his term, or of a tenant at will, after the determination of the will of the landlord." It is evident, therefore, to maintain a proceeding of forcible detainer under the Code, the relation of landlord and tenant must exist between the party charging the detainer and the party charged therewith; and such was the requirement of the statute of 1810, of which the provisions of the Code are a substantial re-enactment; the only material difference being, that, under latter statute, it was necessary that the tenant should have entered under the plaintiff; but by the Code of Practice the fact of tenancy is all that is requisite, whether the possession was received from the then landlord or not.

If, then, the relation of landlord and tenant existed between Goldsberry and Bishop, whether Goldsberry entered under Bishop or not, the judgment of the circuit court is right; but if such relation did not exist, the judgment is erroneous. It appears, from the agreed facts in the cause, that Wells had sold the land to appellant, and executed to him a title bond therefor, and put him in possession; that he afterwards sold the land to appellee, and transferred to him the title bond of Wells, it being agreed that appellant should continue in possession until the 10th day of March following, a period of nearly a year. The only writing executed between appellant and appellee was the assignment aforesaid, the agreement in regard to the time of possession being by parol. The stipulations in regard to the retention of possession of the land, and the manner of its cultivation, were evidently a part and parcel of the contract of purchase, a part of the consideration which induced it on the part of appellant, without which, it, in all

probability, could not have been made. The appellant sold the land for a certain price, and at once transferred his equitable title; but the possession, under that sale, was to. commence at a designated time in future, and, in the meantime, certain fields were to be cultivated in a particular manner. The contract was a unit—the agreements and stipulations on the one side being the consideration of those upon the other —and by those stipulations the right of the purchaser to the enjoyment of the land bought, and the obligation of the seller to deliver possession, did not accrue until the following March.

There is not the slightest evidence in the record that the appellee was, by his purchase, entitled to the immediate possession of the land, and that, by another and distinct agreement, that right was postponed until a future time; nor is there any consideration shown for such a contract, for there is no rent reserved, and no advantage of. any kind to accrue to. appellee. The reservation of rent in some form, and allegiance to the title, are the distinguishing characteristics of a contract by which the relation of landlord and tenant is created, and both are wanting in the case before us. The relation did not exist, and the judgment must be reversed, and the cause remanded, with instructions to render judgment for appellant on the agreed facts.