[Department One.—January 16, 1883.]

JANE MARTEL, RESPONDENT, *v.* JAMES MEEHAN, EXECUTOR, ET AL., APPELLANTS.

UNLAWFUL DETAINER—EXECUTOR OF DECEASED PERSON.—The executor of a deceased person, who succeeds to the possession of leased premises held by the deceased at the time of his death but makes default in the payment of rent, is not within the provisions of § 1601 of the Code of Civil Procedure, and a summary action for an unlawful detainer as defined by that section can not be brought against him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. A. Pardow,* for Appellants.

Section 735 of our Code of Procedure authorizing trebling damages is penal, and no action can be maintained against an executor as such on a penal statute. (*Eustace* v. *Jahns,* 38 Cal. 3.)

The executor is not in the employ of any superior other than the Probate Court. (*Eustace* v. *Jahns,* 38 Cal. 22.)

*Moses G. Cobb,* for Respondent.

As to appellant's first point *that the statute is penal under which judgment was given in this case, and therefore no action can lie thereunder against an executor as such, we* say the assertion is entirely gratuitous and not supported by any authority.

The action is *unlawful detainer*, and is founded on the conventional relation of landlord and tenant. (§ 1161, Code Civ. Proc.; *Johnson et al.* v. *Cheley*, 43 Cal. 299; *Owen* v. *Doty*, 27 Cal. 502; *Walls* v. *Preston*, 28 Cal. 225; Taylor's L. and T. § 720, 7th Ed.)

After service upon the lessee, or his legal representative, of the written demand provided for in § 1161, Code Civ. Proc., the lessee or his representative becomes a *tenant at sufferance*. (*Uridias* v. *Morrell*, 25 Cal. 31; *Hauxhurst et al.* v. *Lobree*, 38 Cal. 563.)

McKINSTRY, J.—The action was brought under the chapter of the Code of Civil Procedure which treats of summary proceedings for obtaining possession of real property.

The complaint alleges that on or about the 30th of May, 1879, plaintiff, by a written agreement and lease, leased, demised, and let to William Meehan, now deceased, certain premises (described) in the city and county of San Francisco: " To have and to hold said premises to the said William Meehan, now deceased, at the monthly rent of two hundred dollars, payable monthly in advance on the 10th day of each and every month thereafter in advance, in gold coin of the United States." That on the 27th day of September, 1879, William Meehan died testate. That his will was duly probated, and letters testamentary on his will were duly issued to said James Meehan on the 13th of February, 1880, who, on that day, duly qualified and still is executor of the estate. That James Meehan, " executor as aforesaid," is plaintiff's tenant of the premises, and defendant, Jacob L. Solomon, is a sub-tenant therein, and occupies a portion thereof.

That by virtue of said agreement and lease William Meehan, now deceased, entered into the possession and occupation of said demised premises, and said James Meehan, executor of the estate of the said William Meehan, deceased, continues to hold the same as tenant of said plaintiff; and said Jacob L. Solomon continues to hold as a sub-tenant of said James Meehan, executor as aforesaid, and is in occupation of a portion of said premises. That, pursuant to the terms of said agreement and lease, there became due on the 10th day of February, 1880, from said

defendant James Meehan, the executor of the estate of said William Meehan, deceased, to said plaintiff for rent of said premises, the sum of nine hundred and fifty dollars, gold coin (being aggregate of rents due from October 10, 1879, to Feburary 10, 1880).

That on the 17th day of February, 1880, notice and demand in writing was duly given and made by said plaintiff to said defendants, and for and requiring the payment of said rent then due, amounting to the said sum of nine hundred and fifty dollars, or the possession of said demised property, but said defendants neglected and refused for the space of three days after notice and demand so given and made, and still neglect and réfuse to pay said rent or surrender possession. That James Mcehan, executor as aforesaid, unlawfully holds over, etc., by reason whereof plaintiff has sustained damages in the sum of nine hundred and fifty dollars, etc.

The prayer of the complaint is that plaintiff have restitution of the premises and judgment "against said James Meehan, executor as aforesaid," for the sum of nine hundred and fifty dollars, amount of rent due, and for the accruing rents; that the amount found due "may be trebled," and also for costs, etc., and that said lease "under which said James Meehan, executor of the estate of William Meehan, deceased, holds, be forfeited."

The defendant, James Meehan, executor, demurred to the complaint on the grounds, (1) the court has no jurisdiction of the subject-matter, or (2) of the person of defendant; (3) the complaint does not state facts sufficient, etc.; (4) a defect of parties defendant—an executor cannot be made defendant in an action in forcible or unlawful entry or detainer; (5) misjoinder of parties defendants for the reason stated in four (4).

Section 1161 of the Code of Civil Procedure reads: "A tenant of real property for a term less than life is guilty of unlawful detainer; . . . . (2) where he continues in possession, *in person or by sub-tenant,* without permission of his landlord, *or the successor in estate of his landlord, if any there be,* after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice in writing," etc.

Prior to an amendment of the statute by the insertion of the words " or the successor in estate of his landlord," it was held that the right to remove a tenant by summary proceeding like the present was conferred upon the conventional landlord alone, and not upon his successor in the estate. (*Reay* v. *Cotter*, 29 Cal. 168.) The proceeding is statutory and can be resorted to only in the cases, and by and against the parties, mentioned in the statute. The executor of the last will and testament of a decedent, who in his lifetime was tenant, is not such person or a sub-tenant; yet it is only when the tenant continues in possession, "in person or by sub-tenant," that the action can be maintained.

Such is the letter of the section of the Code. The landlord when he lets his property must be presumed to anticipate the possible contingency of the tenant's death during the term of the lease, and to know, in that event, he will not be entitled to resort to the extraordinary remedy here asserted. There is no good reason why the language of the Code should be strained so as to uphold a judgment against an estate, in the nature of a penalty, for *three times* the amount which would be due for rent if the tenant had lived.

The demurrer should have been sustained.

Judgment reversed and cause remanded with directions to sustain demurrer to complaint.

Ross, J., and McKee, J., concurred.

Hearing in Bank denied.