## MASON v. DELANCY.

UNLAWFUL DETAINER:   *When maintainable.*

The action of unlawful detainer can be maintained only where the relation of landlord and tenant exists. It cannot be maintained against one in possession of land under a written or parol contract for its purchase which he has failed to perform. He is in as owner and not as tenant.

APPEAL from *Jefferson* Circuit Court.
Hon. F. J. WISE, Special Judge.

*Martin & Taylor* for appellants.

Appellee was only a tenant at will of appellant, as he claimed title to the land by virtue of a verbal contract to purchase. (*Gantt's Dig., sec. 2960.*) One who is a tenant of the vendor is also the tenant of the vendee. (*18 Ark., 284.*) An implied tenancy is as good as an express one. *33 Ark., 686; 41 Ib., 535; 42 Ib., 540.*

See also *McAdams Landlord and Tenant, sec. 29; 25 Barb.,*

*243; 46 Vt., 84; 2 Wm. Bl., 1173; 2 Smith Lead. Cases, sec. 75 and notes; 9 A. & E., 849; 38 Mich., 707; 60 N. Y., 102.*

In all uncertain or parol tenures the law makes the tenancy from year to year or at will, as the case may be. *Sedg. & Wait, Trial Title to Land, pp. 239 and 240; Gault v. Stormont, 51 Mich.*

There was no proper plea of part performance. Part performance is no defense at law. *See Brockway v. Thomas, 36 Ark., 524; Browne Stat. Frauds, sec. 451.*

COCKRILL, C. J. In an action of unlawful detainer the court sitting as a jury found the following facts from the evidence:

"The defendant Delancy purchased the lands described in the complaint from Robert Lemons by parol, and was placed in possession and made improvements. The plaintiff Mason, after defendant's purchase, entry and two years, possession, purchased the same lands from Robert Lemons and received a deed therefor. The defendant paid nothing under his purchase, but cleared about ten acres of the land, and made other improvements." Upon this finding, which is in the nature of a special verdict, there was a judgment for the defendant.

As the action of unlawful detainer can be maintained only when the relation of landlord and tenant subsists between the parties to the action, it becomes material to ascertain whether the parties here stood in that relation to each other on the facts found in this case.

<div style="float:right">UNLAWFUL DETAINER: When maintainable.</div>

No objection can be urged against the plaintiff because he is not himself the vendor. If his vendor could have maintained the action, the plaintiff who succeeded to his rights could do so. *Bradley v. Hume, 18 Ark., 284; Johnson v. West, 41 Ark., 535.*

While it is not necessary under our statute to show an

express demise or letting of lands to sustain the action, the facts must show, impliedly at least, that the defendant occupies as tenant of the plaintiff, and this must be something more than a *quasi* tenancy. It is sometimes said that one who is in possession of lands under a contract for a sale is a tenant at will to the owner. This is true in a restricted sense only. He is a tenant at will just as a mortgagor after condition broken is a tenant at will of the mortgagee. He may be deprived of the possession if it can be done peaceably, or may be evicted in an action of ejectment. The mortgagor is not a tenant within the meaning of the unlawful detainer act, however. *Necklace v. West, 33 Ark., 682; Evertson v. Sutton, 5 Wend., 281.*

Our statutory remedy for use and occupation of lands has been construed to relate to proceedings between landlord and tenant only. But in *Byrd v. Chase, 10 Ark., 602,* the court say that remedy could not be resorted to in a case like this. See, too, *Wood's Landlord and Tenant, p. 8, n. 9, Ib., 948; Howard v. Shaw, 8 Mees. & Wels., 118.* The reason is obvious. When one purchases lands, or makes an agreement to do so, and enters into possession in pursuance of the agreement, his entry and his possession are as owner and not as tenant. If nothing more than the entry and possession with the consent of the owner were shown, a demise would be implied on the one hand and an agreement to pay rent on the other, and the relation of landlord and tenant would *prima facie* be established. But if the defendant shows that he is in under a contract to purchase he rebuts the idea of a tenancy, and a different agreement cannot be inferred from that the parties have deliberately entered into. The fact that the agreement to purchase is by parol and the action at law can make no difference. (*Carpenter v. U. S., 17 Wall., 489.*) The agreement is proved not for the purpose of enforcing it or of

giving it any vitality as a title, but only to rebut the idea of a tenancy. The defendant's relation to the plaintiff is the material fact to be ascertained and the agreement between the parties about the possession may determine that question. *People v. Howlett, 76 N. Y., 574.*

The distinguishing feature between this case and that of *Brockway v. Thomas, 36 Ark., 518,* is, that in the latter case the defendant held by virtue of a lease which in terms created the relation of landlord and tenant. The lease was by parol for a term of three years, but as it was not effective for more than one year by reason of the statute of frauds, and that year having elapsed, the tenant was holding over after the close of his term. It is this very class of cases that the action of unlawful detainer is provided for. (*Johnson v. West, sup.*) The case of *Gault v. Stormont, 51 Mich., 636,* relied on by appellant, was an action of forcible entry and detainer against a trespasser, and has no application unless in the implied recognition of the defendant's right to show his parol contract of purchase. The contract in that case gave no right of possession; the defendant entered without right and was dispossessed.

Finding no error the judgment is affirmed.