[L. A. No. 3828.   Department Two.—January 3, 1917.]

## MARY F. FRANCIS, Appellant, v. WEST VIRGINIA OIL COMPANY (a Corporation), Respondent.

UNLAWFUL DETAINER—CONTRACT FOR SALE OF LAND—VENDEE IN DE-
FAULT NOT A TENANT AT WILL.—A vendee in possession of land
under a contract of sale, who has defaulted in the payment of an
installment of the purchase price, does not become a tenant at will
subject to removal by the summary method of a suit in unlawful
detainer.

ID.—ACTION ONLY LIES WHEN RELATION OF LANDLORD AND TENANT
EXISTS.—The action of unlawful detainer can be maintained only
where the conventional relation of landlord and tenant subsists be-
tween the parties. In other words, the action is limited to those
cases in which the tenant is estopped to deny the landlord's title.

ID.—EVIDENCE OF TITLE OF DEFENDANT.—While the validity of titles
may not be tried in unlawful detainer proceeding, evidences of title
are admissible to show the character or extent of the possession
claimed by the *defendant.*

ID.—IMPLIED RIGHT OF POSSESSION UNDER CONTRACT.—A contract for
the sale of land may by implication give the vendee the right to
immediate possession even where it contains no express provision to
that effect.

ID.—CONTRACT FOR SALE OF OIL LAND—RESTRICTION AGAINST REMOVAL
OF PIPES AND CASINGS.—A provision in a contract for the sale of
oil lands, that the vendee should not remove or cause to be removed
any of the pipe or casing in any well drilled on the property, and
that in the event of a forfeiture of the right to purchase, the casings
and derricks should revert to the vendor, gives the vendee the right
of possession and occupancy of the property by implication.

APPEAL from a judgment of the Superior Court of Kern
County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, and C. E. Arnold, for Appellant.

George E. Whitaker, for Respondent.

MELVIN, J.—Plaintiff appeals from an adverse judgment.
By her pleading Mary F. Francis alleged that in the month
of September, 1911, defendant had gone into possession of

certain land in Kern County with her knowledge and acquiescence as her tenant at will; that on May 2, 1912, she had served notice requiring the West Virginia Oil Company to vacate the premises, but that said corporation had refused to accede to her demand. She alleged her right to the possession of the land and prayed for its restitution.

Defendant admitted possession and refusal to surrender the land to plaintiff but denied the alleged tenancy at will.

At the trial it clearly appeared that the defendant had gone into possession after the execution of certain contracts of sale. The first of these contracts was made by Mrs. Francis and Mr. E. S. Good. The latter assigned all of his rights under this agreement to the West Virginia Oil Company and in January, 1912, a new writing was executed by plaintiff and that corporation ratifying the assignment and substituting the West Virginia Oil Company as vendee in Mr. Good's place. This agreement called for the payment of stipulated sums at stated times, and the plaintiff in her testimony said that she had received fifteen thousand dollars on the purchase price and six hundred dollars by way of interest. It was also in evidence that the defendant had expended something more than eighty-five thousand dollars in developing oil on the property.

It seems to be the theory of the plaintiff that when the defendant corporation defaulted in one of the payments on the purchase price it at once became a tenant at will subject to removal from the land by the summary method of a suit in unlawful detainer. In this she is in error. The true rule with reference to the existence of the relation of landlord and tenant necessary to support an action in unlawful detainer is thus expressed in Jones on Landlord and Tenant, section 563:

"The action of unlawful detainer can be maintained only where the relation of landlord and tenant subsists between the parties to the action, and hence it becomes material to determine whether parties stand in that relation to each other. While it is not necessary to show an express demise or letting of lands to sustain the action, the facts must show impliedly at least that the defendant occupies as tenant of the plaintiff and this must be something more than a mere *quasi* tenancy. It is sometimes said that one who is in possession of lands under a contract for a sale is a tenant at will to the owner. This is true in a restricted sense only. He is a tenant at will just as a mortgagor after condition broken is a tenant at will of

the mortgagee. He may be deprived of the possession if it can be done peaceably or may be evicted in an action of ejectment. The mortgagor is not a tenant within the meaning of the unlawful detainer act, however. The conventional relation of landlord and tenant means the relation created by convention or agreement between the parties. The cases are numerous in which a summary remedy has been refused because the contract or circumstances under which the owner of premises permitted another to take possession of them contemplated some condition or consideration apart from rent or a tenancy at the mere sufferance or will of the owner.'' This is the rule in California. (*Wheelock* v. *Warschauer,* 21 Cal. 309–316; *Steinback* v. *Krone,* 36 Cal. 303–309; *Johnson* v. *Chely,* 43 Cal. 299–305; *Walls* v. *Preston,* 28 Cal. 225; and *Henderson* v. *Allen,* 23 Cal. 519.) In order that such an action may be maintained the conventional relation of landlord and tenant must be shown to exist. In other words, the action is limited to those cases in which the tenant is estopped to deny the landlord's title. And when a defendant in an action which under our code is the equivalent of one in unlawful detainer proves the nonexistence of such relation, the plaintiff must fail. (*Richmond* v. *Superior Court,* 9 Cal. App. 63, 64, [98 Pac. 57].)

It follows that the superior court did not err in permitting defendant to prove the execution of the contracts of purchase. While the validity of titles may not be tried in proceedings of this character, evidences of title are admissible to show the character or extent of the possession claimed. (19 Cyc. 1165; *Hoag* v. *Pierce,* 28 Cal. 188; *Shelby* v. *Houston,* 38 Cal. 411; *Dennis* v. *Wood,* 48 Cal. 361.)

Appellant contends that since the contract did not in set terms give the defendant the right of possession of the property, its entry upon the premises was merely permissive and therefore that of a tenant at will. There is no merit in this argument, because the agreement between Mrs. Francis and the oil company clearly contemplated possession and occupancy of the land by the vendee. It was therein provided that the purchaser should not remove or cause to be removed any of the pipe or casing in any well drilled on the property, and that in the event of a forfeiture by the corporation of the right to purchase the land under the contract, the casings and derricks should revert to the vendor. By the terms of

the writing it was understood that it should not set aside or annul the contract between Mrs. Francis and Mr. Good except as specifically provided, but that the oil company should "*hold and acquire* said lands under said contract." In view of this language, and of the subsequent conduct of the parties to the contract, there can be no doubt that the immediate entry by the West Virginia Oil Company upon the land, and the development of oil thereon, were within the contemplation of the plaintiff and defendant. Courts have frequently held that by implication contracts have given the right to immediate possession by the vendees, even where no express provisions to that effect were contained in the writings. In *Olson* v. *Minnesota & North Wisconsin R. R. Co.*, 89 Minn. 280, [94 N. W. 871], the vendee was obligated to pay all taxes and assessments, and in case of default buildings and improvements on the land were to revert to the vendor. It was held that the right to possession by the vendee was implied. A similar decision was made in *Welch* v. *Hover & Co.*, 75 Wash. 130, [134 Pac. 526].

A vendee in possession is not a tenant in any sense of the word, and only a tenant may be sued under the first subdivision of section 1161. The proceeding is purely statutory and is restricted in its operation to those persons specified in the statute. (*Martel* v. *Meehan*, 63 Cal. 47–50; *Ben Lomond Wine Co.* v. *Sladky*, 141 Cal. 619–623, [75 Pac. 332].) Failure of performance of his part of the contract of sale by the vendee in possession does not make him a tenant. (*Brown* v. *Beatty*, 76 Ala. 250; *Mason* v. *Delancy*, 44 Ark. 444; *Brown* v. *Persons*, 48 Ga. 61; *Griffith* v. *Collins*, 116 Ga. 420, [42 S. E. 743]; *Goldsberry* v. *Bishop*, 63 Ky. 143; *Young* v. *Ingle*, 14 Mo. 426; *Hauser* v. *Morrison*, 146 N. C. 248, [59 S. E. 693].) The rule established by these and many other authorities is in accordance with justice. Even a vendee who has defaulted in his promised payments is entitled to an opportunity of showing his equities and presenting his defenses.

It is not necessary to comment upon any other contentions made by appellant, as they are substantially disposed of, we believe, in the foregoing discussion.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.