Points Decided.

(May 27, 1924.)

## GEORGE COE and ETHEL COE, Respondents, v. ROY H. BENNETT and DAN KING, Appellants.

[226 Pac. 736.]

PLEADING AND PRACTICE—MISJOINDER OF CAUSES OF ACTION—JUDGMENT ON PLEADINGS—UNLAWFUL DETAINER—CHARACTER OF THE ACTION—WHEN NOT MAINTAINABLE.

1. Where a complaint for unlawful detainer under C. S., sec. 7322, also attempts to state a cause of action in equity to cancel a contract for the sale of the realty and for damages for its breach in a single count, a demurrer on the ground of misjoinder of causes should be sustained.

2. One who moves for judgment on the pleadings, for the purpose of the motion, thereby admits the truth of the material allegations of the adverse party and the untruth of his own allegations which have been denied, and such moving party is only entitled to a judgment where the pleadings do not put in issue any material issue and show upon their face that the party moving is entitled to recover without offering any proof.

3. An action for unlawful detainer under C. S., sec. 7322, is a summary proceeding and cannot be maintained unless the conventional relation of landlord and tenant exists between the parties, so that the defendant is estopped to deny the plaintiff's title. A party in possession under a contract of purchase of real estate does not after default in payment become a tenant at will subject to removal in an action of unlawful detainer, unless his pleading shows he has forfeited his contract of purchase and right of possession.

4. Where a contract for the sale of real estate contains a provision that upon default on the part of the purchaser and his failure to remove from the premises he may be treated as a tenant holding over unlawfully after the expiration of a lease, such condition does not become operative where the purchaser denies that he has forfeited his agreement to purchase and right of possession, and his pleading raises an issue upon which he is entitled to be heard.

Publisher's Note.

Right to bring action of unlawful detainer against vendee under contract to purchase, see notes in 121 Am. St. 375; Ann. Cas. 1915C, 317.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action for unlawful detainer and to cancel sale agreement. Judgment for plaintiffs. *Reversed* and *remanded,* with instructions.

O. A. Johannesen, for Appellants.

In order to maintain the action of unlawful detainer, it is essential that the conventional relationship of landlord and tenant be shown, or, in other words, the action is limited to those cases in which the tenant is estopped to deny the landlord's title. (*Frances v. West Virginia Oil Co.,* 174 Cal. 168, 162 Pac. 394; *Opera House etc. Assn. v. Bert,* 52 Cal. 471; *Reay v. Cotter,* 29 Cal. 168; Jones on Landlord and Tenant, sec. 563.)

Where one enters into possession of premises, under an agreement of purchase, payments to be made in instalments, the relation of landlord and tenant is not created even though there be a provision in the agreement that on failure to pay any instalment the vendor may treat the purchaser as a tenant and take lawful proceedings to summarily oust him, and such failure on the part of the purchaser to pay does not authorize summary proceedings to remove as for nonpayment of rent. (*Young v. Columbia Investment etc. Co.,* 77 N. J. L. 410, 72 Atl. 35; *Stockwell v. Washburn,* 111 N. Y. Supp. 413; *Bowling v. Bowling* (Miss.), 47 So. 802; *Francis v. West Virginia Oil Co.,* 174 Cal. 168, 162 Pac. 394; *Powers v. Myers,* 25 Okl. 165, 105 Pac. 674; *Frances v. Holmes,* 54 Tex. Civ. 608, 118 S. W. 881; *Miner v. Dickey,* 140 Mich. 518, 103 N. W. 855; *Davis v. Taylor,* 27 Ga. App. 621, 109 S. E. 535; 11 R. C. L. 1143; 19 Cyc. 1142.)

A forfeiture is a harsh remedy and will not be allowed except upon clear proof of the breach of the terms of the contract upon which such forfeiture is to be declared.

(*Harris v. Reed,* 21 Ida. 365, 121 Pac. 780; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292.)

A party to a contract who has performed part of it according to its terms, and is prevented by the other party from further performance or from completing it, is excused from further performance. (59 Am. St. 283; 6 R. C. L. 1012; Page on Contracts, 2d ed., p. 156; Williston on Contracts, p. 1305; 9 Cyc. 635.)

W. A. Beakley, for Respondents.

This action was properly brought. (C. S., chap. 266, art. 4; C. S., sec. 7322, subd. 7.)

No answer or cross-complaint could legally be interposed. (*Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434.)

No notice of forfeiture is required. (*Earl Orchard Co. v. Fava,* 138 Cal. 76, 70 Pac. 1073; C. S., sec. 7322.)

WILLIAM A. LEE, J.—This appears to be a summary proceeding for unlawful detainer as defined by C. S., sec. 7322. Appellant Roy H. Bennett claims a right to the property described in the complaint as successor in interest of one Bauchman, who entered into a written agreement with respondents to purchase the premises in August, 1919, Thereafter Bauchman assigned his contract of purchase to Bennett, and appellant King, having leased the premises from Bennett, was in possession at the time of commencement of the action.

The complaint also alleges facts that indicate intent on the part of respondents to state a cause of action for a cancelation of this sale agreement, the prayer, in addition to asking for the summary removal of appellants from said premises, praying that the sale contract be declared null and void and canceled of record, for judgment against appellants for the amount due on the sale contract as damages, and rental for the premises to December 30, 1922, for $500 attorney's fees, and for costs. Appellants appeared and separately demurred to the complaint, one of the grounds being that several causes of action had been im-

properly joined in the complaint. The demurrers being overruled they separately answered, admitted the execution of the agreement to sell by respondents to Bauchman as alleged in the complaint, the assignment of the agreement to appellant Bennett, and the occupancy of King as tenant under Bennett. The complaint sets forth the sale agreement which contains a forfeiture clause that in case the purchaser or his successor in interest fails to make any payment on the purchase price when the same is due or to pay the taxes and water assessments before they become delinquent, or in case the purchaser defaults in any of the conditions of the sale agreement, he shall have no claim against the vendors in or to said real estate, but upon such default all of the purchaser's interest shall cease and determine and become forfeited, without any declaration of forfeiture or re-entry on the part of the vendors, and if the purchaser or other party claiming under them shall be in possession when such default is made, they will peacefully remove therefrom, or in default of so doing they may be treated as "tenants holding over unlawfully after the expiration of a lease and may be ousted and removed as such." The answer denies specifically all of the material allegations of the complaint and by way of confession and avoidance admits appellants did not pay the water assessments and taxes which fell due in December, 1921, and Bennett alleges that he was prevented from doing so by the wrongful action of respondents, who themselves made such payments prior to the assessments and taxes becoming delinquent and thereby prevented him from making such payments, and that they declared the sale contract canceled and thereafter refused to permit appellant to make any further payments or to receive or accept any further payments from him. Appellant Bennett also alleges that he has been at all times ready, willing and able to make such payments but has been prevented from so doing by said wrongful acts of respondents. In his affirmative answer, among other things, he alleges that Bauchman, his assignor, made the initial payment to respondents on the purchase price of $4,000, and

that he on ·or about November 1, 1919, purchased Bauch-
man's interest and paid therefor $6,250 and that on Decem-
ber 30, 1920, he paid respondents on the principal $2,500
and $1,213.30 interest, had made valuable improvements
on said premises, in all having paid for his interest therein
the sum of $10,000, and for improvements thereon the addi-
tional sum of $2,000, and all taxes and water assessments
levied thereon for the year 1920, and in his cross-complaint
prays for alternative relief that if the court permits the
cancelation and avoidance of the sale contract on the part
of respondents it ·will require them to repay appellant all
sums expended by him in the purchase of the premises,
interest, taxes, water assessments and improvements, less
the reasonable rental value of the premises during the years
1920 and 1921, and that he be allowed to retain possession
of said premises until respondents repay to him the differ-
ence between the rental value of said premises and the
amount he has expended thereon, and for equitable relief.
Respondents moved to strike all that part of appellant's
answer and cross-complaint relating to affirmative relief
for the reason that their complaint and action was a sum-
mary proceeding for unlawful detainer and not subject to
cross-complaint or counterclaim, which motion the court sus-
tained.   They further moved for judgment on the pleadings
for the reason that the answers ·of appellants, and neither
of them, contained sufficient matter to require proof of any
of the allegations contained in the complaint, which motion
was allowed and judgment accordingly entered for respond-
ents and against appellants, adjudging and decreeing that
the sale agreement of August 30, 1919, between respond-
ents and the said Walter Bauchman for the premises therein
described together with the assignment of said agreement
by Bauchman to appellant Bennett, and each of them,
is canceled and declared null and void and the fee-simple
title to the whole of said premises is declared to be in
respondents as completely as if said sale agreement had never
been executed or recorded; that appellants, and each of them,
have been since February 17, 1922, unlawfully holding pos-

session of said premises without any right, title or color of interest, and they are each commanded to immediately vacate and surrender possession of said premises; that they and each of them have been since February 17, 1922, guilty of unlawfully detaining said premises, and that no appeal that either of them may take in this matter shall stay execution herein, but on the signing of this judgment the said respondents may take immediate possession of the said premises and the whole thereof. From this judgment the appeal is taken and numerous errors are assigned, only a part of which it will be necessary to consider. The first is predicated upon the court's overruling appellants' demurrers. While, as stated, the complaint primarily intends to state a cause of action in unlawful detainer, it contains additional allegations which attempt to state a cause of action in equity to cancel the sale agreement and for a money judgment for a breach of the same. These two causes of action cannot be stated in a single count, and the special demurrers should have been sustained.

The second assignment is based upon the error of the court in holding respondents' right of action is within the provisions of C. S., chapter 266, article IV, which is the chapter providing for summary proceedings for obtaining possession of real property.

Assignment three is based upon the action of the court in striking all that part of the answer and cross-complaint relating to appellant Bennett's affirmative defense.

Assignments four and five are based upon the court granting judgment on the pleadings.

Considering these last two assignments, they present for determination the question as to whether the court erred in granting judgment on the pleadings. *Davenport v. Burke,* 27 Ida. 464, 149 Pac. 511, contains an exhaustive discussion of the effect of a court granting judgment on the pleadings, reviews the authorities, and holds that when a party moves for judgment on the pleadings he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but is deemed to have admitted the untruth of

his own allegations which have been denied by the adverse party; that a judgment on the pleadings can only be had where the answer does not put in issue any of the material issues of the complaint, or where the pleadings show upon their face that the party is entitled to recover without proof; that a judgment on the pleadings is allowable, not because of lack of proof, but because of the lack of an issue, and where issues of fact are raised by the pleadings which require evidence to establish, before the court could determine such issues are with the plaintiff or defendant it is error to enter judgment on the pleadings, and a motion for judgment on the pleadings should not be granted unless it appears that there are no material issues raised by such pleadings.

Every allegation of the complaint upon which respondents must rely for a recovery in an action for unlawful detainer is specifically denied, that is to say, respondents, after setting out the terms of the contract of purchase and its assignment to appellant Bennett, allege that the vendee failed to perform the conditions of said agreement in that he failed to pay the water assessments for the year 1921 or to pay the taxes for that year or to make the payment of $2,500 or $910 as provided for in said agreement. The answer of appellant Bennett admits the execution of the agreement in the terms in which it is pleaded and the assignment by Bauchman to him of the original purchaser's interest, and then alleges that he has at all times been ready, willing and able to pay the water assessments, taxes and instalment of principal and interest as they matured, and that he attempted to pay the water assessments and taxes before they became delinquent but found upon offering to do so that respondents had already paid such assessments and taxes, and in that connection further alleges that the purpose of respondents in paying these taxes before they matured was to prevent him from making such payments and to thereby claim a default on his part in making such payments. The affirmative answer and cross-complaint of appellant with equal positiveness allege a state of facts which, if true, prevent his being in default and would defeat

any effort on the part of respondents to cancel the agreement.

The consideration of these last two assignments requires a reversal of the cause and would ordinarily render unnecessary the consideration of any of the remaining assignments. However, in view of the fact that the cause must be remanded for further proceedings in accordance with the views herein expressed, it is proper to consider the questions raised by the second assignment, which is that the court erred in holding that the issues presented by the pleadings in this case bring it within that class of actions provided for in C. S., sec. 7322, defining unlawful detainer.

"The summary action for unlawful detainer against a tenant given by Code of Civil Procedure, section 1161, subdivision 1, cannot be maintained unless the conventional relation of landlord and tenant exists between the parties so that the latter is estopped to deny the former's title, and one in possession under a contract to purchase does not after default in the payments become a tenant at will subject to removal for unlawful detainer." (*Francis v. West Virginia Oil Co.*, 174 Cal. 168, 162 Pac. 394, citing with approval Jones on Landlord and Tenant, sec. 563, and the earlier California cases; *Wheelock v. Warschauer*, 21 Cal. 309; *Steinback v. Krone*, 36 Cal. 303; *Johnson v. Chely*, 43 Cal. 299; *Walls v. Preston*, 28 Cal. 225.)

The vendee in possession is not a tenant in any sense of the word, and only a tenant may be sued under the first subdivision of C. S., sec. 7322. (*Martel v. Meehan*, 63 Cal. 47; *Ben Lomond Wine Co. v. Sladky*, 141 Cal. 619, 75 Pac. 332.)

Failure of performance of his part of the contract of sale by the vendee in possession does not make him a tenant. (*Brown v. Beatty*, 76 Ala. 250; *Mason v. Delancy*, 44 Ark. 444; *Brown v. Persons*, 48 Ga. 61; *Griffith v. Collins*, 116 Ga. 420, 42 S. E. 743.)

The rule established by these and many other authorities is in accordance with justice. Even a vendee who has defaulted in his promised payments is entitled to an oppor-

tunity of showing his equities and presenting his defense. (*Francis v. West Virgina Oil Co., supra,* and cases cited.)

This is not in conflict with the doctrine announced in *Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434, wherein it is held that in a summary proceeding for obtaining possession of real property an action prosecuted thereunder by the landlord for an unlawful detainer by the tenant is not subject to counterclaim or cross-complaint the same as in ordinary actions, the court saying that the object the legislature had in view in enacting this statute was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of their lease, and that this object would be frustrated if tenants were permitted to interpose every, defense usual or permissible in ordinary actions at law.

In the instant case the sale contract provides that upon default of the purchaser and his failure to remove from the premises upon demand he may be treated as a tenant holding over unlawfully after the expiration of a lease. Manifestly this condition cannot become operative so as to render him a tenant holding over as a matter of law where he, as in this case, denies that he is in default and alleges facts which, if true, show that respondents were the wrong-doers and had violated their contract of sale.

The cause is reversed and remanded, with instructions to permit respondents to amend their pleadings if they so desire, and the case to be tried in accordance with the views herein expressed. Appellants to recover costs.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.