JOHN B. ALLEN and JAMES DULEN, Plaintiffs in Error, *vs.*
ORLANDO D. CHATFIELD, Defendant in Error.

### ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

Where the relation of landlord and tenant exists, the latter, without eviction cannot, in an ac-
tion for the rent, dispute his landlord's title.

Where the assignee of a mortgage directs a sale of the mortgaged premises, under a power
contained in the mortgage, and his agent or attorney acts as the auctioneer, and makes a certifi-
cate and affidavit of sale, he cannot become the purchaser at such sale.

The following are the facts and conclusions of law found by
the Court below upon the trial of this cause :

1. That in April, 1862, the Plaintiff and Defendant Allen
made the agreement mentioned and set forth in the complaint.

2. That at the time of the making of the said agreement
the Plaintiff had not knowledge or notice of any like agree-
ment between Allen and Dulin.

3. That the agreement between the Plaintiff and Allen was
absolute, and not upon the condition that he was entitled to
the rents or profits of the land as against Dulin.

4. That after the wheat was harvested and threshed, in Oc-
tober, 1862, the Plaintiff called upon the Defendant Allen,
for his share thereof, and that Allen refused to deliver the
same, or any part thereof, to the Plaintiff, alleging as a rea-
son that Dulin claimed it.

5. That a like agreement was in April, 1862, made between Allen and Dulin, for the use of the same land by Allen, but such agreement was not concluded until after the said agreement had been made between Allen and Plaintiff.

6. That in April, 1857, and prior thereto, the said Dulin was the owner and possessor of the said land, and continued in possession thereof, by himself or tenants, until the spring of 1862.

7. That on the 18th day of April, 1857, the said Dulin mortgaged the said premises to Charles L. Pierson, to secure the payment of the sum of one hundred dollars in six months, with interest at three per cent. per month,—and the mortgage was duly recorded according to law on the 20th day of April, 1857.

8. That afterwards, and on the 29th day of September, 1858, the said Charles L. Pierson, by an instrument in writing, under seal, duly assigned and transferred the said mortgage to Plaintiff,—the said assignment being duly recorded according to law, on the same day.

9. That afterwards, and on the 5th day of March, 1859, the said Plaintiff foreclosed said mortgage and sold the land by proceedings thereon under the statute providing for the foreclosure of mortgages by advertisement,—the said notice of said foreclosure and sale being duly published according to law, and the Plaintiff claiming therein $117 as due and unpaid on said mortgage.

10. That the said lands were sold at public auction at the time and place appointed therefor in said notice, George Bradley, the attorney for the Plaintiff in the said foreclosure, acting as auctioneer in making the said sale, and making the certificate and affidavit of such sale.

11. That upon the said foreclosure and sale, the Plaintiff became the purchaser of the said land, for the sum of $117, that being the highest sum bidden, and he being the highest bidder therefor, and that the said sale was honestly and fairly conducted, and made in good faith; and

12. That at the time of the making of the said agreement between the Plaintiff and the said Allen, he, the said Allen, had knowledge of the said mortgage and of the said foreclos-

ure thereof, and that the said Plaintiff had become purchaser of the said premises upon the said foreclosure and sale.

Upon the foregoing facts this Court finds the following conclusions at law :

1. That the Defendant Allen, by his contract with the Plaintiff, became liable to deliver to Plaintiff one-fourth of the wheat raised by him upon the said land.

2. That Allen's refusal to deliver the said wheat upon demand, after the same had been harvested and threshed, rendered him liable to pay the Plaintiff the value of said wheat.

3. That the foreclosure of the said mortgage was regular and valid, and the time of redemption having expired, the Plaintiff is, as against the Defendant Dulin, entitled to the said wheat or the value of it, and that Dulin has not in law any right to the said wheat or the value of it.

The Defendant's answer admits the alleged quantity and value of wheat, to wit: 107 bushels, at 80 cents per bushel, making eighty-five dollars and sixty cents ($85.60.)

The Plaintiff is entitled to judgment against the Defendant for the sum of eighty-five dollars and sixty cents, and interest thereon from November 1st, 1862.

Ordered judgment accordingly.

Points and Authorities of Plaintiffs in Error.

I.—The Plaintiff's mortgage has never been legally foreclosed, for the reason that the premises were sold by the Plaintiff's attorney, and not by the sheriff, &c., as provided by sec. 6, chap. 75, Comp. Stat,, p. 644; Ramsey vs. Merriam, 6 Minn. R. 168.

II.—The mortgagee has no right to the income of the mortgaged premises, until a foreclosure.  See Adams vs. Corrister, decided at July Term, a. d. 1862.

Points and Authorities of Defendant in Error.

I.—The tenant cannot dispute the landlord's title to the demised premises, nor his rights to the rents therefor, however payable.  1 Cow. Rep., 575; 5 Cow. Rep., 123; 6 Wend. Rep.,
vol. viii.—56

228; 3 *Pet. Rep.*,43,47; 13 *Pet.Rep.*, 1, *title; Adams on Eject.*, 247 *and notes*. If, however, the relation of landlord and tenant was not thus established, and Allen was a mere cropper, so as to be with the Defendant in Error only a tenant in common of the crop, then, as between them, the possession of the premises was in the Defendant in Error. 8 *Johns. Rep.*, 151; 4 *Kent's Com.*, 98 (8*th ed.*) And Allan is estopped to deny such possession or his own liability to the Defendant in Error for his share of the crop. A cropper can no more deny his landlord's possession of the land cropped, or the landlord's right to his share of the crop, than a tenant can deny his landlord's title to the demised premises, or his right to rent and attorn to a stranger.

A tenant who before eviction attorns to a claimant, does so at his peril. Such attornment does not relieve him of liability to his landlord, or entitle him to set up the title of the claimant against the landlord. *Williston vs. Watkins*, 3 *Pet. Rep.*, 43, 47.

II.—The foreclosure of the mortgage was valid and effectual, and the time of redemption having expired, the title ot the Defendant in Error to the premises was absolute. *Jackson vs. Dominick*, 14 *Johns. Rep.*, 435; 4 *Kent. Com.* 203, 8*th ed.*

The only statutory regulations affecting the question in this case are those contained in *sec*. 6, *ch*. 75, *of Compiled Statutes*, 644. That section prescribes, among other things, that " the sale shall be at public vendue * * * and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, under sheriff or deputy sheriff of the county, to the highest bidder."

L. M. BROWN, Counsel for Plaintiffs in Error.

A. G. CHATFIELD, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—This action was originally commenced by the present Defendant in Error, against Allen, one of the Plaintiffs in Error, to recover for rent claimed to be due, for the use of certain premises, alleged to have been

leased by him to said Allen. The Defendant in that action admitted the terms of the lease, as alleged, and the amount claimed to be due thereon, but he averred that the leased premises were also claimed by one James Dulin, of whom he had also rented, and that by his agreement he was to occupy the premises, and pay the rent only to the claimant who should show himself entitled thereto. That the share or rent due to such rightful claimant was ready for delivery, but that said Plaintiff was not entitled to the same, because said Dulen, and not he, the Plaintiff, was the owner, and entitled to the rent of said premises.

The case, without further pleading, was submitted to the Court to be tried without the intervention of a jury, and the judge found, among other facts, that the said Defendant had leased the premises of the Plaintiff upon the terms and in the manner set forth in the complaint; and that a certain sum was due the Plaintiff, and for which he rendered judgment. He also found that the Defendant had afterwards made a similar agreement with the said Dulin; but that the agreement with the Plaintiff was absolute, and not contingent upon his showing himself entitled to the rent, as against Dulin.

There was also an attempt to settle in this action the right of the respective claimants to the property which was the subject of the lease. And to this end the Defendant, Allen, moved the Court to make Dulin, the other claimant, a party Defendant, his (Allen's) counsel proposing to appear for Dulin in such case. To this proposition the Plaintiff consented, and accordingly Dulin was made a Defendant, Allen's counsel appearing for him.

The Judge then permitted the parties to go into the question of title, and his findings, as numbered respectively from 6 to 12 inclusive, have direct reference to the question of ownership.

From the several facts found, the Judge concludes, as matter of law, that the Defendant, Allen, became liable, on his contract, to pay the Plaintiff the rent of the premises in kind, and, having failed to deliver it on demand, was responsible for its value in money. That the mortgage foreclosure referred to in the facts found was regular and valid, and that the Plain-

tiff was entitled to the rent of the premises, as against the Defendant, Dulin. And, therefore, judgment was entered as before stated, in favor of the Plaintiff, against the Defendant, Allen, for the amount of rent found to be due. And it was also further adjudged and determined that the Defendant James Dulin, had not, at the commencement of the action, or since, any right, title or interest in the premises described in the complaint, nor any right, title or interest in the subject of said action.

The facts found, in regard to the contract between Allen and the Plaintiff below, show, conclusively that the former was the tenant of the latter; and this fact (there being no eviction,) settles the question as between them; for no rule is better settled than that a tenant in such a case will not be allowed to dispute the title of his landlord. And his responsibility being thus fixed by his own consent, he could not relieve himself by any mere act of his own, such as attorning to a stranger or another claimant, and thus throw upon his landlord the burthen of proving a title which the contract of leasing admits. The subsequent arrangement, or contract, which the tenant in this case made with the other claimant, cannot, therefore, avail him in this action. He may have made himself liable to the other claimant also, but with that we have nothing to do.

The question of title, as between the two claimants, to which so much attention has been devoted by the District Judge and the different counsel, depends entirely upon the validity of a sale made by authority of the assignee of a mortgage of these lands under a power of sale, wherein said assignee was the purchaser, and his own agent or attorney the auctioneer and maker of the certificate and affidavit of sale.

The regularity and validity of a sale, under a power contained in a mortgage, where the mortgagee, or his successor in interest, becomes the purchaser, was recently before this Court in the case of *Ramsey vs. Merriam*, 6 *Minn. R.*, 168, and it was then held, after elaborate arguments, and more than ordinary consideration, that such mortgagee cannot become the purchaser at his own sale, under the power, and that

to enable him so to do, the sale must be made by the sheriff or other officer named in the statute, who is the agent of the law in such cases, and not of the mortgagee.

The decision here referred to, which doubtless was not before the Court at the time the decision was rendered in this case, determines the question of title against the Plaintiff below, who was the purchaser under such sale; and so far' therefore, as the judgment of the District Court adjudges and determines that Dulin, the mortgagor, had not, at the time of the commencement of the action, nor since, any right, title or interest in the premises described in the complaint, the same is hereby reversed; but in all other respects said judgment is affirmed.