THE SAINT ANTHONY FALLS WATER POWER COMPANY,

*v.*

BRADBURY C. MORRISON, *impl'd, &c.*

A lessee and tenant of premises situate in the bed of the Mississippi River at the Falls of St. Anthony, cannot be permitted to controvert his lessor's title or the lessor's right to the restoration of possession upon breach of the conditions of the lease, on the ground that such possession when restored would be an unlawful obstruction to the free navigation of such river.

This is an appeal taken by the defendant from the judgment entered in this case in favor of the plaintiff in the District Court for Hennepin County, upon the order of the Court after trial before the Court, without a jury. The facts as found by the Court below, fully appear in the opinion of the Court.

B. B. MEEKER for Appellant.

I. It was error to give judgment for the full and complete possession of the premises, that being the relief demanded in the complaint, as such judgment is inconsistent with and in derogation of the right that "the inhabitants of Minnesota and the citizens of the United States have to the use of said

250 · CASES IN THE SUPREME COURT,

The St. Anthony Falls Water Power Co. v. Morrison, impl'd, &c.

eastern channel as a common highway," dedicated by Congress and the people of this State to the public use. *See 3rd Sec. of the Wisconsin Enabling Act, of Aug. 6th,* 1846; *9th Vol. U. S. Stat. at, large, page* 56; *2d Sec. of our own Enabling Act by Congress; 2d Sec. Art. 2d, Constitution of the State of Minn.; Art. 8 of the Provisional and Definitive Treaties with Great Britain; Vol. 8 U. S. Stat. at large.*

II. The Court erred in attempting to enforce a lease licensing a nuisance and obstruction in a common highway against law, public policy, and the Constitution of this State. *See Craig vs. State of Missouri,* 4 *Pet.* 426; *Hunt vs. Knickerbacker,* 5 *Johns.* 327; *Sharp vs. Teese,* 4 *Halstead,* 352; *Merchant vs. Evans,* 8 *Taunton,* 142; *Spurgeon vs. McElwain,* 5 *Ohio,* 442; *Griswold vs. Waddington,* 15 *Johns.,* 27; *Yeates vs. Williams,* 5 *Pike,* 584, *and Eberman vs. Keitzel,* 1 *Watts & Serg.,* 181, *and Harris vs. Rennels,* 12 *Howard,* 83.

III. It was error to substitute one offending party for another, and continue an obstruction in said highway, *under color of legal proceedings*—thus effecting indirectly ends which are against law and public policy.

IV. It was error to give the plaintiff judgment as the said St. Anthony Water Power Company has no legal existence, and cannot maintain an action to build, preserve, or continue dams, and manufacturing structures in said channel, nor lease nor license the same to be done. *See Hogg vs. Zanesville Canal Co.,* 5 *Ohio* 410; *Wadsworth vs. Smith,* 2 *Fairchild,* 278;

V. It was error to give judgment for plaintiff, as he had no title, property or interest in the premises, which could be leased and occupied by himself or tenants for manufacturing purposes. *See Taylor's Landlord and Tenant, page* 250, where it is held, that in such cases the tenant may deny his landlord had any title. *See Dygert vs. Schenk,* 23 *Wendell,* 446; *Kent's Com. Vol.* 3, *page* 532,

The St. Anthony Falls Water Power Co. v. Morrison, impl'd, &c.

BIGELOW & CLARK for Respondent.

I. The appellant, having taken a lease of the premises, and gone into possession thereunder, cannot dispute the title of the respondent, his landlord.

II. The appellant claims, if we understand him, that the premises in question cannot lawfully be used for manufacturing purposes because they are in the bed of the Mississippi river and such use is an impediment to the free navigation of the same, which is secured to the public by act of Congress. Admitting these premises, to conclude therefrom, that the respondent is not entitled to be restored to the possession of the premises, upon the forfeiture of the lease, is a *non sequitur*. The appellant can hardly be allowed to avail himself of the fact that he is using the premises, so as to interfere with a public easement, to retain the possession thereof from the lessor, against the covenants and conditions of the lease. This matter cannot be enquired into, between these parties, but only at the suit of a party aggrieved by the interference, or by the public.

III. But the appellant's premises are not correct, because the Mississippi river, at the Falls of St. Anthony, where the said premises are situated, is not navigable, in fact, and the act of Congress, reserving to the public an easement, for the purpose of navigation, does not apply to it here, any more than it does at the outlet of Lake Itaska. The use of the Falls of St. Anthony, for manufacturing, is not and cannot be an injury to any one; on the other hand, the opportunity for such use is such a good gift of Providence to the whole community as it would be wicked to ignore.

IV. Upon the pleadings and facts found, it seems unnecessary to discuss the rights of the respondent as a riparian owner. It, however, appears that the respondent is the

owner of the easterly half of Hennepin Island, and also the left bank of the river, between which the premises in question are situated, and whatever doubt may ever have existed, as to the rights of the riparian owner, where the river is navigable, in fact, we take it there can be no doubt that he takes to the thread of the stream where it is not, in fact, navigable. *Schurmeier vs. St. Paul and Pacific R. R. Company*, 10th *Minn.* 103.

*By the Court*—BERRY, J.  In this case it appears from the pleadings that the respondent is a corporation duly created and organized, and capable of purchasing, holding, selling and enjoying real and personal estate; that Franklin Steele and other parties as lessors, and the appellant as lessee, entered into a written contract of lease; that said lessors conveyed the leased premises to the respondent shortly after the execution of the lease; that under a provision contained in the same, the lease was extended by the action of the respondent and appellant for the period of five years, and that the appellant went into and remained in possession of the demised premises under the lease and extension, and for many years paid the rent reserved to the respondent.  It is not disputed that this state of facts created the relation of landlord and tenant between the respondent and appellant.

The appellant having failed to pay certain rents and to permit the respondent to re-enter and take possession, the respondent brings this action praying that the lease may be declared to be forfeited, all the interest of the appellant thereunder determined, and that the appellant surrender to the respondent the possession of the demised premises and the privileges therewith connected.  "It is a general rule founded on reasons of public policy, that a tenant shall never be permitted to controvert his landlord's title."  *Taylor's Landlord and*

*Tenant*, 493; *Allen vs. Chatfield*, 8 *Minn.* 440. To this general rule there are some well recognized exceptions; and it is urged that the case at bar calls for an exception to this general rule on the ground that the possession sought to be recovered in this action is a possession against law. The action was tried by the court below and the following is the finding of facts. "I find for facts that the leased premises mentioned in the complaint are situated at the Falls of St. Anthony on the brow of the Falls, with a platform extending from the same to the east bank of Hennepin Island and in the bed of that portion of the Mississippi River which flows between said Hennepin Island and the main left bank of said river. That the said river is divided by said Island, a portion thereof flowing each side of the same. That the said premises are about sixty-five feet from the eastern shore of said Island, and two hundred and fifty feet from the left bank of said river, which left bank and the easterly half of said Island opposite and adjacent to said premises are the property of the plaintiff as admitted in the pleadings. That the bed of the river where the said premises are situated, is not navigable in fact, owing to the shallow depth of the water in its ordinary stage, and to the natural obstructions of the rocks and falls. The further material facts being admitted in the pleadings are not repeated here." The statement made at the opening of this opinion, comprises, we think, all the "material facts" referred to in the latter clause of the above finding. The appellant insists that to enforce the covenants and conditions of the lease, and restore to the respondent possession of the demised premises, would be a violation of the public right of free and unobstructed navigation of the Mississippi River. Granting that his position is sound, without lending any countenance whatever to it, except for the sake of argument, we think the conclusion which he seeks to deduce is a *non sequitur*. For

assuming that it would be unlawful for an individual or a corporation to place dams or other obstructions in or take possession of a portion of the bed of the Mississippi River, even in a part thereof unnavigable in fact as at the Falls of St. Anthony, we can perceive no reason why the tenant in this case should therefore be permitted to call in question his landlord's title, or to resist his right to the enforcement of the conditions of the lease, and to the restoration of possession. If such dam or other obstruction be a nuisance, it is not in this case claimed to be anything but a public nuisance, nor a public nuisance from which the appellant suffers any injury otherwise than as one of the general public; and under such circumstances, so long as the public acquiesces in this appropriation of the bed of the Mississippi, the appellant cannot be heard to set up such appropriation as a defence against the enforcement of his covenants. He is not in a position to abate the alleged nuisance directly or indirectly. *Angel on Watercourses, Sec.* 563; *Mayer & Colchester vs. Brooke,* 7 *Ad. & Ellis,* (*N. S.*) 376–7; *Fort Plain Bridge Co. vs. Smith,* 30 *N. Y.,* 63; *Griffith vs. McCallum,* 46 *Barb.* (*S. C.*) 561.

If the general welfare is better promoted, (as it would seem to be,) by the improvement and use of the Falls of St. Anthony as a hydraulic power, (even though the result be to create an obstruction of a part of the river) than by leaving them in their natural condition for the purpose of floating logs or other navigation of that character (if that be navigation) and the public authorities taking that view of the matter, make no objection and take no steps to remove the alleged intruders, it is not for a private individual under a pretence of vindicating the abstract rights of the public, to set up the intrusion in a private and civil action for the purpose of repudiating his own solemn contract obligations.

We conclude, therefore, on this branch of the case, that

whether the possession sought to be recovered in this action would be lawful or unlawful, the appellant cannot be permitted to deny his landlord's title or his right of possession.  As to the objection that the respondent has no legal existence, it is enough to say that this existence as alleged in the complaint is admitted by the appellant's failure to deny the same in his answer. Its power to hold, manage, enjoy and sell personal and real property, (which is also admitted in the pleadings) would seem to be ample, and that it had title to the demised premises and was therefore authorized to lease the same, its tenant is, as we have seen, estopped to deny.

We believe that the foregoing considerations substantially dispose of all the points urged at bar by the counsel for the appellant, and it follows that the judgment granting the relief prayed for, must be affirmed.