## SARAH S. MILLER *vs.* CHARLES H. LANG.

A tenant in possession cannot hold over after the expiration of his term, under a claim of title to the premises in his wife, although he has cohabited with her there during the term.

ACTION on the Gen. Sts. *c.* 137, for possession of a house and land in Reading. Trial in the superior court, before *Brigham, J.,* without a jury, when it appeared that the defendant took from the plaintiff a written lease of the premises for a year from April 30, 1865, and occupied them during the term, cohabiting with his wife, but at the end of the term refused to deliver them to the plaintiff.

The defendant offered to prove that on February 11, 1857, the premises were conveyed by a third person to the defendant's wife, to her sole and separate use; that from that time to the beginning of this action she there cohabited with the defendant; and that prior to the end of the term of the lease the defendant gave the plaintiff notice that he should renounce the plaintiff's title and claim thenceforth under the title of the defendant's wife.

But the judge excluded this evidence as incompetent, and found for the plaintiff; and the defendant alleged exceptions.

*A. A. Prescott,* for the defendant.

*I. D. Van Duzee,* for the plaintiff.

GRAY, J. A tenant in possession, even after his lease has expired, cannot deny his landlord's title, without either surrendering possession to him, or attorning, or at least giving notice to his landlord that he shall claim under another and a valid title. *Hilbourn* v. *Fogg, ante,* 11 *Morse* v. *Goddard,* 13 Met. 177.

*Boston* v. *Binney*, 11 Pick. 8. *Zeller's lessee* v. *Eckert*, 4 How. 295. The only title which the defendant proposed to claim under was that of his wife, from whom he could derive no title by contract or grant. *Thomson* v. *O' Sullivan*, 6 Allen, 303. *Gay* v. *Kingsley*, 11 Allen, 345. The defendant therefore showed no title in himself, and no defence to this action. Judgment against him will not affect his wife's title.

*Exceptions overruled.*