DORILUS MORRISON *vs.* JOEL B. BASSETT.

October 21, 1879.

Landlord and Tenant—Estoppel.—A defendant who has entered into the use and occupancy of premises, under a demise or written lease from plaintiff, not under seal, by the terms of which he agrees to pay an annual rent, quarterly, for a definite time, cannot, after having paid the quarterly rent for a portion of the time, and while still remaining in possession, lawfully refuse to make further payments as they fall due, on the sole ground that he was the owner in fee of said premises when the lease was made, and that plaintiff had no title thereto.

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*D. A. Secombe,* for appellant.

*H. G. O. Morrison,* for respondent.

CORNELL, J.   Upon the allegations in the complaint, which are undenied, and the averments and admissions contained in the answer, the following appear to be uncontroverted facts:   Plaintiff and defendant, on the first day of April, 1869, entered into a written agreement of that date, purporting in terms to be an indenture of lease, but in fact an instrument in writing not under seal, whereby the plaintiff leased and let unto the defendant certain premises therein described, upon the terms and conditions, and for an annual rent, therein stated, payable quarterly in advance.   The term was for a period of five years, and it was stipulated that the lease should be renewed or continued for another term of a like period, upon a yearly rental therein named, differing in amount from the first, but payable quarterly in advance, and in other respects alike in its terms and conditions.   Said agreement contained a clause in these words:   "The said party of the second part, (the defendant herein,) for himself and assigns, hereby and by these presents does accept of the conditions of this lease, paying rent when due, and promises and agrees to all said conditions."   Upon the execution of this agreement, the defendant "thereupon," as is alleged in the complaint, and not denied in the answer, "entered into the use, possession and occupancy of said premises and property, and has ever since that time continued and remained in the use, possession and occupancy thereof."   The defendant paid the stipulated rent, according to the terms of the agreement, during the whole of the first term, and to and including the first day of April, 1877, in the second term, since which time he has failed and refused to make any payment; and this action is brought to recover the unpaid quarterly instalments accruing and falling due on and prior to the first day of April, 1878.

Upon these facts it is undeniable that the relation of landlord and tenant existed between the parties in respect to the

premises in question, and that the defendant could not defeat a recovery for rent accruing and falling due during the term, and while he remained in possession of the demised premises, or any part thereof, by controverting the title of the plaintiff thereto, and setting up title in himself to any portion thereof acquired prior to the demise, (*Vernam* v. *Smith*, 15 N. Y. 327; *Sharpe* v. *Kelley*, 5 Denio, 431; *Allen* v. *Chatfield*, 8 Minn. 386 (435;) *St. Anthony Falls Water-Power Co.* v. *Morrison*, 12 Minn. 249,) and this in substance is the only matter sought to be interposed as a defence in this action.

The answer alleges that, at the time the said agreement between the parties was made, the defendant was in fact the owner in fee of a portion of the demised premises, under a title derived from the Minneapolis Mill Company, the common source of title as to both parties; that plaintiff then claimed the right of possession under an alleged prior lease from said company, which he represented to defendant that he had; that the representation in this regard was untrue, but defendant, believing it to be true and relying thereon, and not otherwise, entered into said written agreement with said plaintiff, and made payments of rent thereunder, as, stated and admitted by him in his answer. No fraud is charged against the plaintiff, nor is it pretended that the alleged misrepresentation in respect to his title was made fraudulently, or with any purpose or intention of deceiving, misleading or injuring the defendant. Upon no ground of this kind, therefore, can the agreement be impeached or set aside. The sole effect of the allegations was to raise an issue upon plaintiff's title to the premises demised to the defendant under the agreement, and this he could not do, because of his position as tenant under the plaintiff.

As the sufficiency of the answer is the only question presented by the exceptions before us, the order refusing a new trial must be affirmed.