## W. P. HOLMAN *v.* A. F. BONNER ET AL.

ADVERSE POSSESSION.  *Landlord and tenant.  Relations of, how changed.*

One who obtains possession of land under a lease cannot, as against his lessor, acquire a title thereto by adverse possession commenced after the expiration of the term of his lease, without first surrendering his possession as lessee, or giving notice of his adverse claim to his lessor.

APPEAL from the Circuit Court of De Soto County.

HON. A. T. ROANE, Judge.

This is an action of ejectment, instituted on the 9th of September, 1884, by A. F. Bonner and others, to recover of W. P. Holman a certain tract of land in his possession.  The defendant plead the general issue and gave notice that he would "rely on the statute of limitations of ten years." The evidence adduced at the trial showed that the plaintiffs claimed as heirs of their ancestor, W. P. Bonner, who acquired his title in 1848 ; while the defendant claimed under a tax-title acquired on the 1st of January, 1874, through John W. Fowler, and by adverse possession for ten years.

In reference to his possession of the land the defendant testified as follows: "I rented the land in 1873 from Colonel W. F. Taylor, as agent for the Bonner heirs, and held as their tenant for 1873.  I have been in possession of the land, claiming under the deed from John W. Fowler, since I bought the same, January 1, 1874.  In the latter part of December, 1873, before the last day of the month, I went to Colonel Taylor and tried to rent the land for the year 1874; but he stated that he was no longer agent for

the Bonner heirs, and refused to act further for them. I was not living on the land and had no tenant on it, and had had none living on it that year. There was no house on the land at that time. I had nothing to do with the land after I had gathered my crop of 1873, and after the conversation with Taylor." There was no other testimony tending to show a termination of the defendant's tenancy under the plaintiffs. The defendant's deed from Fowler was not filed for record till September 10, 1883.

The jury found a verdict for the plaintiffs, and the defendant appealed to this court.

*Powell & Buchanan,* for the appellant.

The court charged the jury that either a surrender to the agent of the Bonner heirs, or an abandonment of possession before the 1st day of January, 1874, on the part of Holman, would be sufficient to exempt him from the rule as to landlord and tenant, and his testimony clearly establishes both a surrender and an abandonment, so that the jury, in finding against him, clearly discarded the charges of the court, and found a verdict directly in conflict with the only proof introduced in the cause on that point, for Holman was the only witness who testified on the point. So the only question presented by the record is, whether the verdict of a jury will be allowed to stand which is totally unsupported by any proof, and which is directly contradicted by the evidence of the only witness who testifies about the point. It may be urged, in support of this verdict, that the jury are the judges of the credibility of witnesses, and that it was within their province to disregard the evidence of Holman and find that he had not surrendered or abandoned possession, though he testified positively that he had. This, we grant, would be true if the record disclosed any proof contradictory of Holman; but the case here is different—there is no such proof, and there are no circumstances shown by the record in the slightest degree contradicting him.

A similar case to the one at bar is reported in 41 Texas 357; see also *Stancie* v. *Kenon,* 33 Ga. 56 ; *Rich* v. *Mobley,* 33 Ga. 85.

*A. S. Buchanan,* of counsel for the appellant, argued the case orally.

*Malone & Watson,* for the appellees.

The authorities agree, without an exception, so far as we know, that when a tenant has been put in possession by the true owner, he (the tenant) cannot dispute his landlord's title, even after the term has elapsed, without first surrendering possession, or at least giving notice to the landlord that he will claim under another title. Boone on Real Property, § 104; *Miller* v. *Long,* 99 Mass. 104; *Zeller* v. *Eckert,* 4 How. U. S. 289; *Moore* v. *Johnston,* 2 Spears S. Car. 288; *Whaley* v. *Whaley,* 1 Spears 225.

In *Whaley* v. *Whaley, supra,* cited by this court and approved in *Davis* v. *Bowmar,* 55 Miss. 731, the whole doctrine is ably discussed.

When one enters in privity with the owner, the statute of limitations does not begin to run until there is a clear, positive, and open avowal of his title brought home to the owner's knowledge. 4 Howard 295.

"The tenant must first surrender possession to the landlord before he will be allowed to dispute his title. If the term of the tenant has expired, he may dispute his landlord's title; but before he does this, he should make an open and explicit disavowal or disclaimer of holding under the lessor, and this must be brought home to the knowledge of the landlord." Washburn on Real Property 562, 4th ed.

" The tenant ought in all cases to give notice to the lessor of this abandoning or holding adverse possession, that he may not take advantage of the confidence reposed in him by the lessor, putting him in possession of the estate, to deprive him of any rights which the lessor had thereby yielded to his keeping. If, therefore, he were to purchase a better title than that of his lessor, he ought, nevertheless, to surrender possession to his lessor before he seeks to avail himself of his own title against his landlord." Washburn 563.

" One thing in respect to a tenant's disclaimer of his landlord's title seems to be well settled—he cannot set up an adverse claim which may operate to bar his lessor's title by adverse possession under the statute of limitations until he shall have expressly disaffirmed such title of his lessor, and given him full notice that he

claims to hold adversely thereto." Washburn 571 ; *McGinnis* v. *Porter*, 20 Pa. St. 83 ; *Childress* v. *Black*, 9 Yerger 361 ; *Sherman* v. *Champlain Co.*, 31 Vt. 179 ; 9 Vt. 37.

*H. C. Watson*, of counsel for the appellees, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

A tenant who has not made an open disclaimer of his tenancy, and given notice thereof to his landlord, cannot acquire title against his landlord by operation of the statute of limitations. The statute of limitations does not run in favor of a tenant against his landlord until there has been an assertion of hostile claim or title by the tenant brought to the knowledge of the landlord. Even after the term has expired, a tenant in possession cannot dispute his landlord's title without first surrendering possession or giving notice to the landlord that he claims under another title. *Zeller's Lessee* v. *Eckert*, 4 How. U. S. 289 ; 1 Wash. on Real Prop., 4th ed., 566–569 ; Tyler on Eject. 876–877 ; *Miller* v. *Lang*, 99 Mass. 13 ; *Tewksbury* v. *Magnaff*, 33 Cal. 237 ; *Whaley* v. *Whaley*, 1 Spears 225 ; *Watson* v. *Smith*, 10 Yer. 476 ; *Floyd* v. *Mintsey*, 7 Rich. L. Rep. 181.

It is not controverted that appellant leased the land involved for the year 1873 from appellees, and that he went into possession under this lease. The burden of proof was upon him to show that this permissive possession was converted into an adverse possession, and continued for ten years by him after notice had been given to appellees of the change. *Zeller's Lessee* v. *Eckert*, 4 How. 289 ; *Floyd* v. *Mintsey*, 7 Rich. 181 ; Tyler on Eject. 876–877, and authorities, *supra*. This proof was not made.

*The judgment is affirmed.*