MERIDIAN LAND & INDUSTRIAL CO. v. GERTRUDE BALL.

1. ADVERSE POSSESSION. *Tenant holding over. Disclaimer.*
   If a tenancy is terminated by the mutual act of the lessor and lessee, in cancelling the lease, and the tenant remains in possession, claiming as owner, and this with the knowledge of the landlord, such possession continued for ten years will ripen into a title.

2. SAME. *Evidence of adverse holding. Declaration of lessor.*
   And in a suit against such occupant by those claiming title through said lessor, declarations of the lessor made after the termination of the lease are competent to show the adverse character of the holding.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

This is an action of ejectment instituted July 15, 1889, by the Meridian Land & Industrial Co., against Mrs. Gertrude Ball, for the possession of a certain lot in the city of Meridian. Defendant is the widow of G. H. Ball, who went into possession of the land in 1871, as the tenant of the owner L. A. Ragsdale, Sr. The undisputed relationship of landlord and tenant continued between said Ragsdale and Ball until December 2, 1878, when both of the parties signed a written cancellation of the lease. Since that time, and until the bringing of this suit, Ball, and after his death the defendant, continued to occupy said lot as a home. The appellant company derives title from L. A. Ragsdale, Jr., who claimed under a will of his father L. A. Ragsdale, Sr. The defendant relies upon adverse possession. It is not denied that possession in Ball and his wife continued after the cancellation of the lease and until the bringing of this suit, being more than ten years. But it is contended on the part of the plaintiff that such possession, being that of a tenant holding over after the expiration of his tenancy, was not adverse and could not ripen into title.

To establish the adverse character of such occupancy the defendant was permitted to prove, over the objection of plaintiff, declarations of the lessor, L. A. Ragsdale, Sr., made after the cancellation of the lease to the effect that the lot was the property of Ball, and that he had no further interest in it. It was also shown that Ball

claimed and treated the lot as his own to the knowledge of said Ragsdale. It was further shown that no rent was demanded or paid after the cancellation of the lease in 1878, but that Ball claimed to be the owner of the lot from that time, and there was some evidence of statements by both Ball and Ragsdale, tending to show that a deed to the lot was executed to Ball by Ragsdale which had never been placed on record, and which the former claimed had been destroyed by fire. It does not appear in evidence that any of the declarations by Ragsdale as to the ownership by Ball of the lot, were made earlier than July, 1879.

By the instructions given for the defendant the court told the jury in substance that the tenant might disclaim the title of his landlord after the expiration of the lease without surrendering possession and acquire title by adverse possession if this was with knowledge of the landlord.

The giving of these instructions under the facts of the case presents the only point of controversy passed on by this court.

*McIntosh, Williams & Russell,* for appellants.

1. The continuance of the possession by holding over after the termination of the lease is not adverse. The lessee becomes a tenant at sufferance. The law supposes the continuance of a lawful possession unless the owner by some public act like entry on demand declares the continuance to be wrongful. Taylor, L. & T. § 64; *Day* v. *Cochran,* 24 Miss. 261; *Griffin* v. *Sheffield,* 38 Ib. 389.

2. The tenant could not set up adverse possession until surrender of possession to the landlord or some other clear and unequivocal acts dissolving the tenancy. *Rives* v. *Nesmith,* 64 Miss. 807; *Byrne* v. *Beeson,* 1 Douglass, 181; *Duke* v. *Harper,* 6 Yerg. 280; *Tompkins* v. *Snow,* 63 Barb. 525; *Reed* v. *Shepley,* 6 Vt. 602.

3. The evidence offered to show the adverse character of Ball's occupancy was incompetent, and insufficient if competent. It was necessary to show knowledge in Ragsdale of the adverse holding; and there is no evidence of such knowledge earlier than 1879. The evidence fails to show ten years' possession after that time and before suit brought. Defendant was required to show such know-

ledge before 1879. Knowledge acquired after that time cannot relate back. See *Dean* v. *Tucker*, 58 Miss. 487.

*W. N. Etheridge*, for appellee.

The declarations of Ragsdale were admissible because against interest, and declarations of Ball were competent because made while in possession, and explaining his possession. 55 Miss. 765 ; 58 Ib. 487.

By a distinct disclaimer of the title of him from whom the occupant receives possession a permissive holding may be changed to an adverse holding. 1 Am. & Eng. Encycl. of Law, 238 ; Buswell on Lim. & Adv. Poss. § 304 ; Wood on Lim. of Actions, 538–541. This is the rule as to a tenant holding over after expiration of the lease. During the term the estoppel is mutual. After that the tenant may acquire title by adverse possession under claim of title to the knowledge of the claim. The evidence clearly establishes both adverse holding and the knowledge thereof in Ragsdale.

Campbell, J., delivered the opinion of the court.

A tenant continuing in possession after the expiration of his term cannot acquire title as against his landlord by the lapse of time, unless he has openly disclaimed tenancy to the knowledge of his landlord, as held in *Holman* v. *Bonner*, 63 Miss. 131 ; but that doctrine has no application to this case, for Ragsdale and Ball, the lessor and lessee, formally cancelled the lease, and thereby terminated the relation between them as landlord and tenant; and the evidence fully warrants the belief that thereafter Ball occupied and claimed as owner, and with the knowledge of Ragsdale, whose declarations on the subject were competent and satisfactory.

The verdict is manifestly right.

*Affirmed.*