## ASHTON v. GOLDEN GATE LUMBER CO.

### S. F. No. 954; July 19, 1899.

#### 58 Pac. 1.

**Tenant—Estoppel to Deny Landlord's Title.**—Where plaintiff had such title under a deed of trust as enabled him to execute a valid lease for a term not exceeding the life of the beneficiary named therein, and defendant entered under said lease, and has never been disturbed in possession, and no one except plaintiff has claimed any right to the rents, he cannot deny plaintiff's title in an action to recover the rents accruing after the death of the beneficiary, though such title ceased on the death of such beneficiary.[1]

**Tenant—Estoppel to Deny Landlord's Title—Presumption.**— Under Code of Civil Procedure, section 1962, subdivision 4, providing what presumptions shall be deemed conclusive, declaring that a tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation, the conclusive presumption of the landlord's title having attached, it continues until in some mode recognized by the law it may be rebutted.

APPEAL from Superior Court, City and County of San Francisco.

---

[1] Cited in the note in 38 L. R. A., N. S., 865, on right of tenant to show that landlord parted with or lost his title to a third person during tenancy.

Action by Charles Ashton, trustee, against the Golden Gate Lumber Company, to recover rent. From a judgment for defendant and an order denying a motion for a new trial plaintiff appeals. Reversed.

Craig & Meredith, Evans & Meredith and Lester H. Jacobs for appellant; Chas. S. Wheeler and Bishop & Wheeler for respondent.

HAYNES, C.—Action to recover rent. Findings and judgment were for the defendant, a corporation, and plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The complaint set out an indenture of lease, executed by the parties hereto in January, 1892, whereby the plaintiff leased to the defendant a parcel of ground 275 feet by 137.6, being part of a fifty-vara block No. 99, in the city of San Francisco, for the term of fifteen years, at a specified rental, payable monthly, and alleged possession taken by defendant thereunder, which possession has been ever since continued, and that the rent for certain months in the year 1895 had not been paid. For a first defense the defendant denied each and every allegation of the complaint. For a second defense it was alleged that on October 19, 1887, Solomon Heydenfeldt, being the owner in fee simple of said premises, executed and delivered to the plaintiff a deed, conveying to him the said leased premises, in trust: "First, to take and hold possession of said land, and to rent and lease the same to as great extent as I could or might do before the execution of these presents." The second, third, fourth and fifth items provided, in substance, that the trustee should collect the rents, pay the taxes, etc., and, after retaining five per cent of the rents as compensation, to pay, so far as the rents were sufficient, for the boarding, lodging, washing, office rent and clothing of the party of the third part (Solomon Heydenfeldt, Jr.), and any surplus also to be paid to him. "Sixth. Upon the death of the party of the third part, leaving children, the trust shall end and the property be conveyed to such children. If he shall die, leaving no children, then to convey the same to the party of the first part, or, in case of his death, to his right heirs." This defense further alleged that said deed of trust constituted plaintiff's only title; that said indenture of lease was entered into

during the lifetime of said Solomon Heydenfeldt, Jr., who afterward died on the —— day of ————, 1894; that at the time of his death said Solomon Heydenfeldt, the grantor in said deed of trust, was dead; that said trust estate granted to the plaintiff ceased and determined upon the death of Solomon Heydenfeldt, Jr.; that plaintiff was thereby devested of all title to said premises, and of all title to or interest in said indenture of lease, and had no longer any right, power or authority to collect the rents, issues or profits of said premises; and that the rents sought to be recovered herein all accrued since he was devested of his title by the death of Solomon Heydenfeldt, Jr. The third defense alleged the making of the said trust deed and lease; the death of the grantor, and the said beneficiary; that the plaintiff was authorized to lease said premises for a term not exceeding the life of Solomon Heydenfeldt, Jr.; that said lease determined at his death; and that since that time defendant has not occupied said premises as the tenant or lessee of the plaintiff, but by and with the consent of the owners thereof. The defendant also filed a cross-complaint, setting out the same facts, and alleging that the plaintiff claims, adversely to the defendant, that said lease has not terminated, but is still in full force; that said claim is without right; and that plaintiff has no just claim whatever—and prayed that said adverse claim be determined, and for a decree that said lease ended and ceased with the life of Solomon Heydenfeldt, Jr., and that defendant is under no obligation to pay rent to the plaintiff. Demurrers interposed by plaintiff to the second and third defenses, and the cross-complaint, were overruled, and plaintiff answered said cross-complaint.

The court found that the lease was executed as alleged; that defendant entered under it and has ever since remained in possession, and has not been ousted therefrom, or restored or surrendered the same to plaintiff; that plaintiff has performed all the conditions on his part; that the rent for the time mentioned in the complaint has not been paid, though demanded; that Heydenfeldt was the owner of the premises at the date of the execution of said deed of trust; that plaintiff's only title was as trustee under said deed; that he had no other power or authority to lease said premises or collect the rents than that given by said deed; that Solomon Heydenfeldt, Sr., died in September, 1890, and that Solomon Hey-

denfeldt, Jr., died in 1894, unmarried and without children; that plaintiff's trust estate ceased upon his death; that plaintiff was thereby devested of all title to said lands, and of all right to collect said rents; that defendant has not since occupied the premises as tenant or lessee of the plaintiff; and that no person has objected to the occupancy thereof by the defendant. It was further found "that no person has made any claim, prior to the commencement of this action, to the possession or for the rental thereof, or any claim at all concerning said premises against defendant adversely to the plaintiff," and "that, as a matter of fact, said Ashton has made no conveyance of said premises to any person or at all." The finding touching defendant's cross-complaint was in accordance with its allegations. As conclusions of law the court found that plaintiff was not entitled to recover in this action, and also "that defendant is entitled to a decree adjudging the matters and things set forth in the decree signed by the court contemporaneously herewith, and to be filed herewith, which said decree counsel have stipulated and agreed may for all purposes be considered part of these conclusions of law." Said decree gives a construction of the trust deed, and the powers and rights of the trustee thereunder, in accordance with the contentions of defendant that it is under no obligation to the plaintiff to pay rent, or perform any obligation of said lease, and concludes as follows: "And it is further ordered, adjudged and decreed that the plaintiff, Charles Ashton, trustee, and any and all persons claiming under or through him as such trustee, or under or through him as the lessor in said lease set forth in plaintiff's complaint, or under any of the covenants in said lease, be, and they hereby are, restrained and forever enjoined from asserting such claims, and each and all of them, against said defendant." Several exceptions were taken by the plaintiff during the trial, and his motion for a new trial was based upon these, and upon certain specifications of the insufficiency of the evidence to justify the findings. The questions involved in this appeal, however, are radical, and may be discussed without special reference to the exceptions or specifications, further than to say they are sufficient to authorize such discussion.

It is conceded by respondent that Ashton had such title and authority under the deed of trust as enabled him to

execute the lease, and that it was valid for a term not exceeding the life of Solomon Heydenfeldt, Jr.; that defendant entered under said lease; that it has never been evicted, or its possession disturbed; and that no one, except the plaintiff, has ever claimed any right to receive or collect any rent or other compensation for defendant's use and occupation of the premises, the possession of which it received from the plaintiff under said lease. But it is claimed that, Solomon Heydenfeldt, Jr., having died, plaintiff's estate and title, and his right and authority to collect the rents, thereupon ceased, and that the defendant may plead such expiration of plaintiff's title as a bar to his action to recover the rents accruing after the death of the life beneficiary. No general proposition of law is better sustained by the authorities, or has a firmer foundation in a wise public policy, than that a tenant who has received possession from his landlord is not permitted to deny the title of his lessor while the relation thus created subsists; but, as against the tenant, the title of the landlord is conclusively presumed to be perfect and valid. Respondent, however, contends that this proposition is limited or qualified by section 1962, subdivision 4, of the Code of Civil Procedure. This section provides: ''The following presumptions, and no others, are deemed conclusive: . . . . (4) A tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation.'' That is, as to the tenant, the presumption that the landlord had title at the commencement of the relation is conclusive. After that time the presumption that the landlord has title continues, but it is not conclusive. But how, and to what extent, may it be rebutted? The burden of showing that the landlord's title has ceased is upon the tenant. The conclusive presumption declared by the code having attached, it must continue until in some mode and under circumstances recognized by the law it may be rebutted; otherwise, the tenant may accept a lease and enter into possession to-day, and to-morrow repudiate the lessor's title, and hold possession in hostility to a title which the day before was conclusively presumed to be valid and beyond the power of the tenant to deny.

It is contended by respondent, however, that Ashton's title was terminated by the death of Solomon Heydenfeldt, Jr., and that by the same event the lease was terminated, and, as the rent sued for accrued after the termination of the lease,

the trustee could not maintain an action therefor. But if it be conceded that, as between Ashton, as trustee, and the right heirs of Solomon Heydenfeldt, the remaindermen, the trustee's title had ceased, it does not follow that the tenant, who was put in possession by the trustee under a lease for a term of years, could plead such determination of his landlord's title in an action for rent. The termination of the landlord's title, so long as the tenant remains in the undisturbed and unquestioned possession of the leasehold, no claim or demand for rent or compensation having been made by the successor in interest of the lessor, or by any person other than the lessor under whom he entered, is a matter of no concern to the tenant, and constitutes no defense to this action. If respondent's contention is sound, a tenant, having received possession from his landlord, may refuse to pay rent, though not disturbed in his possession by threat or otherwise, and even without asserting title in himself, and without surrendering possession, may, when sued for rent, litigate his landlord's title, and have it declared void, invalid or worthless, and his right to remain in possession without accountability for rent quieted by a solemn decree of the court. Respondent has in no way connected itself with the title or right of the heirs of plaintiff's grantor, or with any other owner, real or assumed, claiming in hostility to the plaintiff. Even if it had attorned to the heirs of Heydenfeldt, Sr., it would have availed nothing, since "the attornment of a tenant to a stranger is void, unless it is made with the consent of the landlord, or in consequence of a judgment of a court of competent jurisdiction": Civ. Code, sec. 1948; Thompson v. Pioche, 44 Cal. 508, 515. "A tenant cannot justify his attornment to a third party by merely showing that such party has recovered judgment against him for the possession of the premises. He must go further, and show that his landlord was notified of the pendency of the action, and had an opportunity to defend; otherwise, the landlord is neither bound nor estopped by the judgment": Douglas v. Fulda, 45 Cal. 592. In Schilling v. Holmes, 23 Cal. 227, 230, after speaking of the duty of the tenant, who has been dispossessed by a stranger, to take legal proceedings to recover possession, that he may discharge his duty of surrendering possession to his landlord, the court said: "But, until the tenant has performed this duty of restoring full and complete possession to his landlord, he

still remains liable to the latter for rent. His liability to pay the rent is not discharged by an eviction, unless under a title superior to his landlord's, or by some agency of the landlord.'' In Ghirardelli v. Greene, 56 Cal. 629, it is said: ''The real questions in issue were the making of the lease, the entry under it, and rent due. If the defendants entered under a lease, they could not dispute the title of their landlord. If they did not enter under a lease, he could not recover in this action, because he based his right to recover upon such a lease. Therefore the defendant's allegation of title in somebody else raised an immaterial issue, and that allegation might have been stricken out or disregarded altogether.'' In Reynolds v. Lewis, 59 Cal. 20, it was said: ''Lewis appears to have occupied the land with the permission of Reynolds, and he cannot avoid the payment of the value of its use and occupation to Reynolds, on the ground that the latter had no right to lease the land to him.''

The cases cited by respondent to the proposition ''that a tenant may always show, if he can, that his landlord no longer holds title,'' remain to be noticed. McDevitt v. Sullivan, 8 Cal. 593, 596, is not in point. It was contended by the plaintiff in that case that Sullivan was estopped to deny McDevitt's title. But the court said: ''Sullivan did not obtain possession under McDevitt, and he is not estopped from showing that the attornment to McDevitt was made under a mistake of fact.'' That case was, therefore, within a recognized exception to the general rule. Corrigan v. City of Chicago, 144 Ill. 537, 21 L. R. A. 212, 33 N. E. 746, has no application to any question in this case. There the property was leased for a term of years, and afterward the whole of the property covered by the lease was condemned and paid for by the city for street purposes, and it was held that the whole of the title, both of the landlord and tenant, was extinguished, and the tenant thereby relieved from the payment of rent, and that the tenant could plead such extinguishment in bar of an action for rent accruing thereafter. In Lamson v. Clarkson, 113 Mass. 348, 18 Am. Rep. 498, the plaintiff had an estate in the premises for the life of Lancy, and leased to defendant for one year, rent payable monthly. Lancy died during the term, and this action was for rent accruing after his death. Drake owned the reversion, and served notice on the tenant not to pay rent to Lamson. Defendant knew of Lancy's death, and

of Drake's claim to title. The defendant refused to pay to either until he could ascertain where the title was. This suit was brought by Lamson, the lessor, after the term expired. A judgment for the plaintiff was reversed.

The distinction between these cases and the one at bar is too clear to require elaboration, and no others are cited to this point by respondent. In Bigelow on Estoppel, fifth edition, 511, it is said: "But, permissive possession being the ground of the modern estoppel, it is clear that the estoppel will prevail so long as such possession continues, though the contract of lease was void. And the authorities upon this point are numerous": See Bailey v. Kilburn, 10 Met. (Mass.) 176, 43 Am. Dec. 423; Miller v. Lang, 99 Mass. 13; Morrison v. Bassett, 26 Minn. 235, 2 N. W. 851; Nims v. Sherman, 43 Mich. 45, 4 N. W. 434; Doe dem. Bullen v. Mills, 2 Adol. & E. 17; Fleming v. Gooding, 10 Bing. 549. In Nims v. Sherman, supra, Mr. Justice Cooley, speaking for the court, said: "One who is a tenant in fact, it is justly held, shall not dispute the title under which he has obtained possession, even though he has since acquired a better title; but, when he has surrendered the possession obtained by means of the tenancy, he may at once turn about and try titles with his late landlord." The foregoing principles are directly sustained in Palmtag v. Doutrick, 59 Cal. 154, 43 Am. Rep. 245 (a case of bailment), and Jeffers v. Easton, 113 Cal. 345, 45 Pac. 680. In both of these cases the rule stated by Wilde, J. (6 Rob. Pr. 364), is quoted, thus: "If the lessee is disturbed in his occupation by a party having a title paramount to that of his lessor, so that he cannot legally continue his occupation under the lessor without rendering himself liable to the other party, he may yield the possession, and take a new lease under him, or he may abandon the possession, and, in either case, he will thereafter not be liable to pay rent to the original lessor. Such an entry and disturbance are equivalent to an ouster."

Eliminating from the findings of fact those expressions which are mere conclusions of law, they require a judgment for the plaintiff as prayed for, and I therefore advise that the judgment and order appealed from be reversed, with directions to the court below to enter judgment for the plaintiff as prayed for.

We concur: Cooper, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, with directions to the court below to enter judgment for the plaintiff as prayed for.