### NATHAN GREENWOOD *v.* DANIEL W. MOORE.

LANDLORD AND TENANT. *Adverse possession. Notice. Statute of limitations. Code* 1892, §§ 2730, 2734.

> Adverse possession by a tenant runs from the time the landlord receives notice that the occupancy is hostile; and a tenant is not required to yield possession and again enter the premises before the ten years statutes of limitation (code 1892, §§ 2730, 2734) will run in his favor.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Moore, the appellee, was plaintiff in the court below; Greenwood, appellant, was defendant there. The facts are fully stated in the opinion of the court.

*W. H. Powell*, for appellant.

A tenant, by disclaimer and notice, may terminate the tenancy. 1 Am. & Eng. Enc. L. (2d ed.), 810. A surrender of possession is unnecessary. *Ib.*, 811; *Holman* v. *Bonner*, 63 Miss., 131; *Meridian, etc., Co.* v. *Ballo*, 68 Miss., 135.

The third instruction given for appellee announced the general rule, without qualification, and that, too, when the case fell squarely within the exception announced by the authorities; and the court's modifications of appellant's instructions were predicated of the same erroneous idea.

*Chrisman & Howell*, for appellee.

A tenant may give notice to his landlord that he holds adversely under another and superior title, in which case the

statute of limitations begins to run in his favor from the notice, and when it ripens he is not compelled to yield possession. His adverse claim must be under another title, however; a bald claim will not do, because of the well established rule that a tenant cannot deny his landlord's title. Title rests somewhere, and so long as a tenant does not connect himself with one superior to that of his landlord, giving the landlord notice, he continues to hold under the landlord. But, if the third instruction be erroneous, it was cured by those given for appellant.

CALHOON, J., delivered the opinion of the court.

In 1871 Greenwood became the owner of the land in controversy, and from that time has had continuous possession of it. While he was so in occupation, the appellee, Moore, in May, 1900, brought his action of ejectment for it. His claim is as purchaser, on April 12, 1886, under a trust deed to secure him, executed by Greenwood in 1884, and also under a purchase at tax sale in 1887. Greenwood sets up in evidence fraud in the title asserted by Moore, and also that there was no debt to uphold the sale under the trust; and much testimony appears pro and con as to this, all of which we decline now to notice, as, from our view, the case is determinable on another ground. Greenwood relies, also, on the statute of limitations of ten years, and there is evidence in the record tending to show that his possession was hostile to Moore, and that Moore knew it by actual notice. Moore denies this and testifies that Greenwood agreed to pay him rent for the land, which Greenwood denies. This being the situation of the case, generally outlined, the court, in the third instruction for the plaintiff, charged the jury for him that, if they believed from the evidence that the "defendant acknowledged plaintiff's title, and became his tenant in 1888, and paid him rent, then he is estopped to set up title in himself till he first vacates the premises and returns them to plaintiff." The court also incorporates this idea in its modification of the third instruction asked by

the defendant.    We cannot concur in this view of the law. Even if Greenwood acknowledged Moore as landlord in 1888, still the statute was put in motion against him when, if ever, he had notice from Greenwood of his adverse claim.    *Industrial Co.* v. *Ball*, 68 Miss., 135 (8 So. Rep., 316); *Holman* v. *Bonner*, 63 Miss., 134; 1 Am. & Eng. Enc. L. (2d ed.), 811; *Wells* v. *Sheerer*, 78 Ala., 143.

*Reversed and remanded.*